ROBERT C. MAHAN, v. PAULINE MAHAN—192 S. W. (2d) 626.

Kansas City Court of Appeals.  February 11, 1946.

318

*David Bresler* and *Charles V. Garnett,* for appellant.

*Roy P. Swanson, Michaels, Blackmar, Newkirk, Eager & Swanson,* for respondent.

CAVE, J.—This is an appeal from an order modifying a divorce decree by reducing the amount of the alimony award $25 per month.

The original suit for divorce was filed by the husband in June, 1944. The decree of divorce was granted to the wife on her crossbill at the December, 1944, term. She was awarded $60 per month for the support of their one child and $110 per month alimony. There was no appeal from that judgment. On May 1, 1945, which was during the March, 1945, term, plaintiff filed his motion to modify that part of the decree providing for alimony and child support. The court ordered modification, as above noted and the divorced wife appealed.

Her sole contention is that there is neither allegation in the motion nor proof in support of it to authorize the court in making any order of modification; this for the reason there are no new facts or changed conditions alleged or proved and, therefore, the court had no jurisdiction to order modification.

It is the settled law of this state that an unappealed decree of divorce, though remaining open for variation from time to time, as the changed circumstances of the parties may require, is a final decree, which cannot be changed as to alimony or the custody of children, except under new facts occurring after the trial which will justify such change. [Eaton v. Eaton, 237 S. W. 896; Foster v. Foster, 146 S. W. (2d) 849, and Olson v. Olson, 184 S. W. (2d) 768.] It is also well settled that a motion to modify a divorce decree is in the *nature* of an independent proceeding, and the motion is treated as a petition in an original action. [North v. North, 339 Mo. 1226, 1236, 100 S. W. (2d) 583, 587; Hayes v. Hayes (Mo.), 152 S. W. (2d) 1, 4; Olson v. Olson, *supra.*]

Plaintiff's motion alleges in substance that his income is insufficient to justify the payment required; that he is unable to pay said amount; that he is being forced further into debt in order to comply with the court's order; that he cannot keep his present position with his employer if he is required to continue said payment; that the defendant is a competent stenographer and is now physically able to work but refuses to do so; that she is extravagant and does not need the allowance of $170 per month for herself and their one child; and that under all the circumstances the order providing for alimony and child support should be modified and reduced so as to conform to the income of plaintiff and the needs and circumstances of the parties.

No objection was made to the sufficiency of the motion and the parties proceeded to trial. The court confined the evidence to facts and conditions arising or existing subsequent to the divorce decree. While the motion is couched in general terms and is not as specific as might be desired, we consider it sufficient after judgment. Sec. 1519, R. S. 1939, authorizing such a motion does not specify what it shall contain, but we think it should be sufficiently definite to inform the opposite party of the facts to be relied on for modification.

The evidence causes us more concern than does the allegations of the motion. Plaintiff's evidence is to the effect that his basic salary is $400 per month, the same as it was prior to the divorce, but he testified that, due to marital troubles, he had been unable to earn an annual bonus, payable in May, 1945, although prior to their trouble he had always earned the bonus; to this extent his annual income had been reduced; that his take home pay is $285.55, after deducting federal income tax, social security, war bonds, group insurance and monthly pension payments. He then detailed his necessary living expenses, which seem modest, and that after paying these necessary expenses, plus the allowances made by the divorce decree, left him $33.11 short of his take home pay. His itemized statement of his necessary expenses did not include anything for clothing, repair and upkeep of his automobile, which he uses in his work, or necessary medical expense or any miscellaneous items. He stated that he had only two suits of clothes, both of which were quite worn, and that he needed new clothes; that his automobile was in need of repairs, and that his physical condition was such that he needed, and must have, an operation; that he had no money to use for such necessary purposes; that in order for him to live at all he had to "pad" his expense account, and that his employer had cautioned him that if such practice continued he would be discharged; that he had been forced to cancel a $5,000 life insurance policy and use the proceeds to reduce his debts.

He further testified that his divorced wife, before their marriage, had been a competent stenographer and had earned about $150 per month, and that at the time of the hearing on the motion she was improved in health and physically able to take employment. In fact, the judge who tried the divorce case and heard the motion to modify, stated into the record that the wife's "condition of health certainly has improved since the case has been tried; I can tell that by looking at her, by her appearance here; and from what she says here in evidence I am certain her physical condition is much better."

Defendant testified that she lived at the Villa Serena Apartments in Kansas City, where she has lived for about three years with her daughter, who is six years old; that she pays $75 per month rent and, in addition, pays for the lights; that she would like to find cheaper quarters but that it is almost impossible to do so; that she is under the care of a docter and that the allowance of $170 per month barely pays her necessary living expenses. She stated that she had not applied for work because she must raise their child; that the doctor advised she was not physically able to take care of the child and work, and that the child was her primary consideration.

This proceeding is of an equitable nature falling within the rule that deference is given the finding of the trial judge and his judgment will not generally be reversed, if sustained by sufficient competent

evidence. [Hayes v. Hayes, 75 S. W. (2d) 614; Schulte v. Schulte, 127 S. W. (2d) 748.] The same judge heard the divorce case and the motion to modify. He saw and observed the parties and is in a much better position to evaluate the testimony than this court is from merely reading the cold record.

Defendant argues that the evidence does not disclose any new facts or changed conditions, but plaintiff's present financial embarrassment is due to the fact that the original allowance may have been, as stated by the court, *too large.* We cannot agree with this view.

Sec. 1519, *supra,* authorizes the court to make such orders touching alimony and maintenance "as . . . shall be reasonable . . . (and) on the application of either party, may make such alteration, . . . as may be proper, . . .". This it will be seen that the statute contemplates that not only the orginal alimony, but also the subsequent modification thereof, is to be fixed at such sum as "shall be reasonable," ascertained by the light of the circumstances of the parties and the nature of the case. [Eaton v. Eaton, *supra.* (898).]

The court must take into consideration the "much improved" physical condition of the wife and the husband's changed condition which requires an operation; the necessity of his having his automobile repaired in order to hold his job; and to procure proper clothes to carry on his work. It will not do to say merely that these and other conditions shown by the evidence are the sole result of the first allowance being "too large." That is not a satisfactory or complete answer.

Without restating all the evidence, we think it is sufficient to justify the modification made, and are unwilling to disturb the findings and conclusion of the trial judge. We do not consider he has abused his judicial discretion. [Eaton v. Eaton, *supra.*]

It follows that the judgment should be affirmed. It is so ordered. All concur.