250 S.W.2d 817 (1952)
HAWKINS
v.
HAWKINS.
No. 28343.
St. Louis Court of Appeals, Missouri.
June 17, 1952.
*818 Philip A. Foley, Clayton, for appellant.
C. Kenneth Thies, Clayton, for respondent.
WEBER, Special Judge.
This is an appeal by the defendant movant from an order below modifying a divorce decree for support and maintenance of two minor children, twelve and ten years of age, upon the theory that the amount as modified and the legal expenses and attorney's fee allowed were insufficient.
It is well settled that such cases are tried de novo upon appeal and therefore this court must review the facts.
A review of the facts discloses that on November 12, 1946, plaintiff respondent dismissed his petition and the defendant was granted a decree of divorce upon her cross bill by the Circuit Court of St. Louis County, Missouri. Defendant was granted custody of their two minor children and after various provisions for visitation by and with plaintiff the amount of forty dollars per child was allowed each month for their support and maintenance and ninety dollars per month to defendant for alimony.
In December 1948, plaintiff having learned defendant had re-married about four months before, sought to modify the decree as to alimony. Defendant countered with the motion to modify in question and prayed for one hundred sixty dollars per month for the support and maintenance of the minor children and for attorney's fee and legal expenses.
On December 17, 1948 the decree of the St. Louis County Circuit Court was modified to eliminate the alimony and a hearing was held on the motion to modify as to the children's support. Only the plaintiff's testimony was heard on that date and it disclosed that plaintiff had lost his job in St. Louis and had been employed in California for two and one half months at a salary of three hundred fifty dollars per month, which was fifty dollars per month less than he was earning at the time of the original decree.
The cause was continued by agreement and further testimony was not heard until May 25, 1951, at which time defendant testified in person and plaintiff by deposition taken in California.
The evidence in this latter hearing disclosed that plaintiff was an advertising executive, earning two hundred fifty dollars a month salary plus a certain percentage of fees earned upon business sold. He had an approximate gross income of thirteen thousand dollars for 1950. Although the deposition is somewhat indefinite on the exact amount of business expense incidental to the earning of this income, it can be gleaned from and between the lines that his business is highly promotional, requiring considerable entertainment and expense and that his net income, after taxes, business expense and necessary living expense as a single man, would be between three and four thousand dollars.
Out of this he has paid the amount of support money for the children as decreed to defendant, regularly and on time and for the full twelve months of the year. He has supported the children in California during the month and more that he had *819 them, paying their transportation to and from the state, sent the boy to a children's camp, and estimated generally that he expended between fifteen hundred and two thousand dollars on them at that time. In addition he has paid expenses for music lessons, bought some clothing, paid some medical bills and is attempting to provide insurance for their education in the event he should die.
On the other hand, the evidence showed that the defendant had some increase in expense. She has re-married and has another child; she and her present husband have bought a new home; and she contends she spent some money she inherited, for the support of the two children in question.
There is no question that her cost of living, as everyone elses, has gone up, but the testimony reveals that she expects things for her children which neither her station in life nor the father's income will permit.
No testimony was offered as to attorney's fee and it was shown that the legal expense of the deposition in California was one hundred dollars. All of her testimony as to plaintiff's income was entirely speculative but in conflict with plaintiff's testimony. No amended motion, raising the prayer, was ever filed.
From the pleadings, evidence and his opportunity to see and observe the witnesses, the Court below modified the decree to provide sixty dollars for each child per month for their support and maintenance, one hundred dollars legal expenses and a fifty dollar attorney fee.
In appeals in divorce cases and collateral issues arising thereunder, where there is a conflict in the testimony, deference is given the findings of the trial judge who had the persons before him and thus had a favorable opportunity to observe the witness on the stand and determine where the truth lay. Mahan v. Mahan, 239 Mo.App. 317, 192 S.W.2d 626; Schulte v. Schulte, Mo.App., 127 S.W.2d 748, affirmed Mo.Sup., 140 S.W.2d 51; Hayes v. Hayes, Mo.App., 75 S.W.2d 614; Lampe v. Lampe, Mo.App., 28 S.W.2d 414.
This proceeding being equitable in nature, falls within the rule that the finding of the trial judge and his judgment will not generally be reversed if sustained by sufficient competent evidence. Mahan v. Mahan, supra; Hayes v. Hayes, supra; Schulte v. Schulte, supra; Hill v. Hill, Mo.App., 277 S.W. 961; Conrad v. Conrad, Mo.App., 296 S.W. 196.
Section 452.070 RSMo 1949, V.A.M.S., authorizes the court on the application of either party to make such alteration from time to time in the allowance of maintenance "as may be proper". Thus the statute contemplates that modification of a decree as to support and maintenance for minor children shall be reasonable in the light of the circumstances of the parties and the nature of the case. Mahan v. Mahan, supra; Eaton v. Eaton, Mo.App., 237 S.W. 896.
The matter of allowance of attorney's fee is likewise a matter for the court below and he can consider the fact that this is an ancillary proceeding to the original judgment; he can consider the merit of the movant's claim, the financial condition of the parties and the entire legal expense required. The court below allowed a total of one hundred fifty dollars and deference should be given his judgment. Shepard v. Shepard, Mo.App., 194 S.W.2d 319; Sellers v. Sellers, Mo.App., 183 S.W.2d 860; Baer v. Baer, Mo.App., 51 S.W.2d 873; Hayes v. Hayes, supra.
Under all the evidence we hold that the trial court did not abuse his judicial discretion, there is competent and sufficient evidence in the record to sustain his findings and the judgment of modification is therefore affirmed as entered below.
BENNICK, P. J., and ANDERSON, J., concur.