## LEHR v. LEHR.

No. 7240.

Springfield Court of Appeals.
Missouri.

Jan. 14, 1954.

See also 264 S.W.2d 35.

Not to be published in State Reports.

Herbert Douglas, Neosho, for appellant.

Ruark & Ruark, Neosho, for respondent.

McDOWELL, Presiding Judge.

This appeal is from the action of the trial court in denying appellant's motion for suit money and attorney fees to per-

fect an appeal from the judgment of the trial court on a motion for modification of a divorce decree awarding custody of minor children to appellant's husband.

Appellant's motion for suit money and attorney fees on appeal states that movant intends to file an appeal from the ruling of the court, denying modification of the divorce decree as to the custody of the children on April 3, 1953. Movant states that an appeal will be taken to the Springfield Court of Appeals and that said appeal is taken in good faith because appellant feels she has been wronged by the decision of the trial court and states she should be permitted to have expenses for such appeal.

The motion further states that appellant has been informed the transcript on appeal will cost $40 or $50 and the brief will cost around $35; that the minimum fee for the preparation of the brief and abstract is $150 with a suggested normal fee of $250. The motion states that movant will be represented by Herbert Douglas, as her attorney and asked for allowance of suit money and attorney fees based on the amount of actual expenses.

In support of this motion appellant testified that she desired to appeal from the ruling of the trial court in her lawsuit then pending to have the court modify its decree pertaining to the custody of her minor children. She testified she had taken the appeal in good faith and had instructed her attorney to file such appeal. She testified she had remarried October 18, 1952; that her present husband was named George Curtis Ray. She stated she had no separate income of her own; that she was acting as housewife for her husband. She testified she had no funds of her own with which to pay for the cost of the appeal. Appellant testified that respondent was employed at a service station at a salary of $50 a week.

On cross-examination it was developed that her ex-husband, respondent, was supporting the two minor children; that appellant had been employed in a restaurant in Joplin up to some three days before she was married and that she and her present husband, since the marriage, were living on a farm of 160 acres, milking some 12 cows and that they were able and willing to support these minor children.

The testimony is that appellant's present husband owns considerable live stock, farms, not only his own land, but other lands which he rents and has paid part of the purchase price of the lands on which he lives. In the divorce trial Ray testified he was earning sufficient money to properly care for and educate these minor children, if given to his wife, by the court.

Appellant was not certain as to the time of filing motions for suit money and attorney fees, therefore, filed two motions, both of which were overruled by the trial court.

In this case there is filed a stipulation that all the record pertaining to the past actions between these parties should be considered by the court of appeals. This record shows that a $50 award was granted appellant for attorney fees on October 8, 1951, which was for services rendered in regard to a motion to modify passed on by the court December 27, 1951. This amount was paid. The transcript shows that the trial court allowed the sum of $125 for costs of appellant's appeal from that case. This award was made April 18, 1952, but that appeal was dismissed and the amount never paid.

Appellant's first contention is that the trial court erred in not granting appellant suit money and attorney fees for the appeal where the evidence shows appellant was without funds and cites, as authority for this position, Crooks v. Crooks, Mo.App., 197 S.W.2d 686.

In this case the husband filed a motion to modify a decree of divorce awarding him the complete custody of the minor children. In the motion he made the most serious charges against defendant and the court held that she was entitled to make a defense; that being without means of her own she had a right to petition the court for an allowance from plaintiff to assert her defense. The court held that it was

no defense that the wife had lost the divorce action. The testimony clearly showed the husband's ability to pay; that he owned a store and other property and that the wife had no property. The trial court held the husband was not liable for such suit money and this judgment was reversed. The court made this statement of law on page 689 of 197 S.W.2d, of the opinion:

"* * * It is to be borne in mind, however, that an application for an attorney's fee and suit money, while incidental to the principal proceeding to which the wife is a party, is nevertheless a separate and distinct matter standing upon its own merits, and depending upon proof of the wife's necessity and the husband's ability to pay. As such separate and distinct matter, it has no relation to the merits of the principal controversy, nor is the wife's right to an allowance affected by the result that may be reached therein. * * *"

In Hawkins v. Hawkins, Mo.App., 250 S.W.2d 817, 819, the law is stated:

"The matter of allowance of attorney's fee is likewise a matter for the court below and he can consider the fact that this is an ancillary proceeding to the original judgment; he can consider the merit of the movant's claim, the financial condition of the parties and the entire legal expense required. The court below allowed a total of one hundred fifty dollars and deference should be given his judgment. Shepard v. Shepard, Mo.App., 194 S.W.2d 319; Sellers v. Sellers, Mo.App., 183 S.W.2d 860; Baer v. Baer, Mo.App., 51 S.W.2d 873; * * *"

■ In Baer v. Baer, Mo.App., 51 S.W.2d 873, 880, the law is stated:

"Finally, the point is made that the court erred in refusing to allow plaintiff reasonable suit money and attorney's fees for the presentation of her motion to modify in the court below, and also for the prosecution of her appeal from the order of the court thereon. The motion in question was filed July 14, 1931, following the entry of the decree on the motion to modify. On October 19, 1931, the court overruled the motion by an order in which it expressed the opinion that plaintiff was amply provided with funds to meet the expenses she had incurred.

"Allowances for counsel fees and suit money for the wife in a divorce action, and in proceedings ancillary thereto, are largely discretionary with the trial court; such discretion to be exercised in view of all the circumstances of the parties. Boll v. Boll, Mo.App., 287 S.W. 834; Fullhart v. Fullhart, 109 Mo.App. 705, 83 S.W. 541; Weber v. Weber, Mo.App., 189 S.W. 579. The test is whether the wife is possessed of sufficient means on her own part to prosecute the suit, and is she has such means, then there is no call for requiring the husband to meet those expenses. * * *"

We think this case definitely states the law.

In Shepard v. Shepard, Mo.App., 194 S.W.2d 329, 330, the court made this statement of law:

"There is little dispute about the law ruling a motion of this kind. Ordinarily a court will require the husband to pay the wife a reasonable amount of suit money and attorneys' fees pending an appeal, even though she may be the losing party in the trial court. Zerega v. Zerega, Mo.App., 200 S.W. 700; Jones v. Jones, Mo.App., 164 S.W.2d 162. But it is also true that the court must take into consideration the financial condition of the wife and the ability of the husband to pay; and if the parties are about equally able to pay their expense of litigation, then the question of allowance of suit money and attorneys' fees rests largely in the

sound judicial discretion of the trial court, and its action will not be interfered with on appeal except upon manifest abuse of such discretion.* * *" (See citations in this case.)

■ The trial court makes no statement as to the grounds upon which he denied the motion for suit money and attorney fees herein. The evidence in the trial of the motion to modify showed that respondent was in the army at the time the divorce was granted; that after he returned home he was granted the custody of the children in question by the trial court upon a motion to modify; that he is, at the present time, employed in a filling station, earning $46.60 weekly; that he has an automobile, being paid for on the instalment plan and that he has other indebtedness. The testimony shows that one of the children had had polio and that respondent has been paying the doctor bills for him and he is supporting both of the minor children. In fact, the trial court was justified in finding that respondent has no property except his weekly wages. The trial court was justified in finding that appellant had been working up until within three days of her marriage to one, Ray; that she had paid no part of the upkeep of the minor children. In fact the testimony showed that the respondent was also paying on four policies of insurance, which was being provided for the minor children's education. Now in the trial of the motion to modify both the appellant and her husband testified as to their ability to furnish a home for these children and to maintain it and as to considerable property then owned and we think the trial court was justified in finding that appellant is as well fixed financially as respondent and, giving full consideration to the trial court's judicial discretion, we believe that this judgment should be affirmed.

It is so ordered.

BLAIR, J., concurs.