Virginia Elizabeth ACKERMANN (Plaintiff), Appellant,

v.

Ralph William ACKERMANN (Defendant), Respondent.

No. 29192.

St. Louis Court of Appeals. Missouri.

June 14, 1955.

George M. Andrews, Preston Quick, St. Louis, for appellant.

James H. Connor, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis modifying the provisions of a divorce decree with reference to the custody of Jacqueline and Gerald Ackermann, aged 15 and 9 years, respectively.

The original decree of August 6, 1947 awarded the complete custody of the children to plaintiff, Virginia E. Ackermann (now Heilscher), their mother, "until the further order of the Court." The decree was granted upon default and inquiry, service having been obtained upon defendant Ralph W. Ackermann, the father, by mail. The decree contained no provisions with respect to visitation privileges of defendant.

On May 24, 1954 defendant filed a motion to modify the divorce decree of August 6, 1947 alleging that his condition of life had changed by reason of his remarriage; that it was, his desire to support and maintain the two children; that the decree does not provide for visitation rights; praying for a modification of the decree to allow him temporary custody of the children for one month of each year, and asking the court to fix a proper amount for the support and maintenance of the two children.

On June 23, 1954, following a hearing at which both plaintiff and defendant appeared and testified, the court modified the original decree by awarding to defendant temporary custody of the two children on alternate week ends and for one month during the summer vacation. From the judgment of modification plaintiff has appealed.

Plaintiff raises the following points in support of her contention that the trial court erred in awarding partial out-of-state custody to defendant: (1) that movant adduced no evidence of a change of conditions since the date of the entry of the original divorce decree, or evidence with respect to the environment into which the children would be taken while in defendant's temporary custody, or evidence that the welfare of the children would be promoted by the change; (2) that the evidence plainly shows that defendant is unfit to have the partial custody of the children; (3) that the court made no order providing for the support of the children; and (4) that the decree did not expressly recite that the children would be subjected to out-of-state custody.

These parties were married in March, 1939, divorced in March, 1943, remarried in December, 1943 and divorced a second time in August, 1947. The first child was born during the first marriage. The second child was born during the second marriage. When the second divorce was granted defendant was living in Jackson, Michigan.

Defendant, who now lives on Route 4, East St. Louis, Illinois, testified that for nine years he neither saw the children nor contributed any money to their support and maintenance. During this period he did not write to plaintiff to inquire about their health and welfare nor did he write to or communicate with the children. He sent no Christmas cards or gifts. He has never seen the boy, who now is nine years old, and has not seen the girl since she was six. He admitted on the stand that he has completely ignored them. His excuse for not going to see the children was that he "could have been put in jail" for "disturbing the peace." Defendant further admitted that on March 22, 1954 he was tried and convicted of non-support of the children in the Court of Criminal Correction of the City of St. Louis and placed on two years' probation under court orders to pay $20 per week for the support of the children. This money he is now sending to the prosecuting attorney. He stated that he thought the children should know their father, which they do not at the present, and testified that he loved the children "to the extent that he would love to see them and love to have them with him."

Plaintiff testified to defendant's failure to contribute to the support of the children or to communicate with them. She further

testified that she has worked and supported the children except during periods of unemployment, when her parents provided the support; that the children do not want to become acquainted with their father, are not accustomed to him, and are "just more or less scared to death;" and that in plaintiff's opinion they could not adjust themselves in his company. The boy in particular has been nervous since the matter was discussed with him.

■ On this appeal it is our duty to review the whole record with a primary regard for the best interests and welfare of the children, to determine whether the moving party has shown by a preponderance of the credible evidence that there has been a change of facts and circumstances occurring since the entry of the original decree which, in the best interests of the children, requires modification of the terms of the original custodial arrangement. Pope v. Pope, Mo.App., 267 S.W.2d 340; Fago v. Fago, Mo.App., 250 S.W.2d 837. Such modification is not to be made merely to gratify the wishes of a parent. Nunnink v. Nunnink, Mo.App., 257 S.W. 832.

■ There is no evidence whatever of any change of conditions warranting a modification of the custody provisions of the decree. The mere passage of time, or the fact that the children are older, does not consititute a change of condition. Davis v. Davis, Mo.App., 254 S.W.2d 270; Fordyce v. Fordyce, Mo.App., 242 S.W.2d 307. The record is devoid of any evidence that the awarding of temporary custody to defendant on alternate week ends and for one summer month would inure to the benefit of the children. There is a complete absence of evidence as to the present marital status of defendant, his occupation, his age, his health, his financial condition, his personal habits, the nature of the environment into which these children would be taken, the housing conditions or other facilities defendant may have available for their care, the nature of his proposed provision, if any, for their religious, social and recreational lives, or the means or manner of transporting them to and from the home of their mother. In view of the history of defendant's marital and parental dereliction he has no claim upon the custody of these children, even for short periods of time, in the absence of strong and impelling evidence of his repentance and rehabilitation. Dansker v. Dansker, Mo.App., 279 S.W.2d 205. The record is a complete blank in all of these important respects. Movant's own testimony convicts him of vast and continuing unconcern with respect to these children for the long period of nine years, terminating in a criminal conviction for non-support only two months prior to the filing of the present motion. Rarely is such a case of neglect and indifference encountered. Instead of establishing that he is a fit and proper person to be entrusted with the custody of these children defendant has proved his unfitness for such a responsibility.

■ Furthermore, in view of the fact that defendant lives in another state, the order awarding defendant temporary custody would involve the frequent removal of the children out of this state. It is against the policy of the law to permit the removal of minor children to another jurisdiction and their removal will not be permitted, except where it is clearly made to appear that the best interests of the children will thereby be subserved. Fago v. Fago, supra, and cases cited, 250 S.W.2d loc. cit. 841.

Finally, there was no provision in the judgment for the support and maintenance of the children, doubtless because their present necessities are met by the order of the Court of Criminal Correction.

■ The judgment of June 23, 1954 has no basis in the evidence and discloses a manifest abuse of judicial discretion. The Commissioner recommends that the judgment be reversed and the cause remanded with directions to the trial court to now overrule the motion for modification insofar as the custody of the children is concerned, but to reserve jurisdiction to pass on the prayer of the motion that the court "declare an amount of support maintenance of the two minor children in such an

amount as to the court may seem meet, just and proper," at such time in the future as either of the parties may desire to present evidence in connection therewith.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded with directions to the trial court to proceed in accordance with the opinion of the court.

ANDERSON, P. J., FRANKLIN FERRISS, and SAM C. BLAIR, Special Judges, concur.