Edward D. HURLEY, Plaintiff-Respondent,

v.

Dorothy Elizabeth HURLEY, Defendant-Appellant.

No. 7407.

Springfield Court of Appeals.

Missouri.

Nov. 22, 1955.

Lincoln, Lincoln, Haseltine, Forehand & Springer, Springfield, Edgar Mayfield, Lebanon, for defendant-appellant.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, for plaintiff-respondent.

STONE, Judge.

On October 23, 1948, defendant was granted a divorce on her cross-bill, was given the care and custody of two minor children (hereinafter referred to as the children), and was awarded $40 per month for their support. The decree did not mention visitation of the children by plaintiff, their father. On plaintiff's motion, the court, on August 26, 1954, modified the decree by providing expressly that plaintiff may visit the children "on all reasonable occasions in the home of the defendant" and may "have said children visit him in the home of his mother" for a period of two weeks each year, during which period plaintiff "shall have the care and custody of said children free from any interference or control by the defendant." Defendant appeals, complaining only of the provisions concerning the "visit" of two weeks each year in the home of plaintiff's mother.

Much of the testimony, at the hearing on the motion to modify, pertained to plaintiff's conduct shortly prior to the divorce in 1948. We shall refer to the charges against plaintiff in general terms only, since no good purpose could be served by recitation and recordation here of the sordid, vulgar and repulsive details of plaintiff's gross indiscretions and indecencies established, as we believe and find, beyond any reasonable doubt by obviously disinterested witnesses whose testimony, although referred to by plaintiff's counsel as "back-fence gossip" and an "incredible line of 'sex pervert' testimony," more properly was characterized by the trial judge as "very strong proof from very reliable witnesses." Although the trial judge also observed that "I don't think we have to pass on whether he (plaintiff) was (a sex pervert) before," the evidence fully justified his further statement that "if he (plaintiff) did what these witnesses have said he did he certainly must have been a sex pervert."

Properly recognizing that the original decree of October 23, 1948, from which no appeal was taken, was final and conclusive as to all matters then adjudicated, including care and custody of the children, and could not be disturbed except in a proceeding initiated for that very purpose [Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323, 328(10); Mahan v. Mahan, 239 Mo.App. 317, 192 S.W.2d 626, 627(1); Sanders v. Sanders, 223 Mo.App. 834, 14 S.W.2d 458, 459(1)] and upon proof of new facts or changed conditions subsequent to the original decree [Cherry v. Cherry, Mo.App., 272 S.W.2d 700, 704(5); Lehr v. Lehr, Mo.App., 264 S.W.2d 35, 36(1); Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189, 196(2); Ex parte Lofts, Mo.App., 222 S.W.2d 101, 106–107(5)], the trial judge commented, when the decree of modification was entered, that he was "inclined to believe that the facts in this case do show a change of circumstances such as required by the law." Our duty on appeal is to review the entire record with primary regard for the regnant principle that the welfare of the children is of paramount and controlling importance [Pope v. Pope, Mo.App., 267 S.W.2d 340, 343(3); Mayo v. Mayo, Mo.App., 244 S.W.2d 415, 416(1); Garvey v. Garvey, Mo.App., 233 S.W.2d 48, 50(2)] and to determine whether the moving party, in this instance plaintiff, has carried his burden of showing by a preponderance of the credible evidence [Armstrong v. Armstrong, Mo.App., 185 S.W.2d 845, 847(6); Morgens v. Morgens, Mo.App., 164 S.W.2d 626, 632(3)] changed facts and circumstances which, in the best interests of the children, require modification of the custodial provisions of the original decree. Davis v. Davis, Mo.App., 254 S.W.2d 270, 272(1); Fago v. Fago, Mo.App., 250 S.W.2d 837, 841(1).

In our review, we must bear in mind that it is not sufficient simply to show

*some* change in circumstances but that modification is justified and permitted only upon proof of changed conditions affecting the welfare of the children to a substantial or material extent [Application of Shreckengaust, Mo.App., 219 S.W.2d 244, 247(3); Hawkins v. Thompson, Mo.App., 210 S.W. 2d 747, 751–752(3)] and in a beneficial manner. Frame v. Black, Mo.App., 259 S.W.2d 104, 108(4); Watkins v. Watkins, Mo. App., 230 S.W.2d 778, 783; Schumm v. Schumm, Mo.App., 223 S.W.2d 122, 126(7). Mere passage of time and the fact that the children are older do not constitute changes sufficient, in and of themselves, to justify modification [Davis v. Davis, supra, 254 S.W.2d loc. cit. 273(4); Fordyce v. Fordyce, Mo.App., 242 S.W.2d 307, 314(3)], and the morals of the respective parents properly become the subject of inquiry as an important factor to be considered in determination of the motion to modify. Dansker v. Dansker, Mo.App., 279 S.W.2d 205, 210(7); Link v. Link, Mo.App., 262 S.W.2d 318, 321(4); Rex v. Rex, Mo.App., 217 S.W.2d 391, 394.

On October 18, 1948, five days prior to the original decree, plaintiff, who had been in military service some 3½ years in earlier life but then was employed at a dairy in Lebanon, re-enlisted as a staff sergeant in the air force. Trooper Brummell of the Missouri State Highway Patrol, who testified that plaintiff had admitted to him in 1948 the indiscretions and indecencies which other witnesses had described as matters of their own personal knowledge, said also that an effort was made to avoid "exposing the horrible facts to the general public out of respect for his (plaintiff's) wife and children" and that, in his last meeting with plaintiff, "an agreement" was made "that these incidents would cease to happen and that (plaintiff) was then thinking of going into the service and leaving town." Although plaintiff offered guarded and unconvincing denials of the alleged "agreement" as well as of any misconduct on his part, the fact remains that he was, at the time of entry of the original decree, and that he has been at all times thereafter, in military service which he now intends to follow as a career. It is suggested that plaintiff sought no provision for visitation or custody of the children in October, 1948, because he then anticipated an overseas assignment. If so, there has been no material change in plaintiff's situation for, at the hearing on the motion to modify, he testified that he expected "to be called back to overseas duty * * * at any time." Readily admitting that he had had "regular furloughs" while in service, plaintiff said that he had not visited the children on any of those furloughs "because I never could afford the trip"; and, when asked whether he "could afford the trip now," plaintiff's reply was "no, I had to borrow the money to come here."

Witness Schmidtlein, who was best man at the wedding of plaintiff and defendant and who loaned plaintiff money for his honeymoon, testified (without denial by plaintiff) that, in talking with plaintiff in January, 1952, after his return from a period of overseas duty, plaintiff told "about his living over in Europe * * * shacked up with an unmarried woman" who "had a child out of wedlock." From plaintiff's own testimony we learn that he married a second time in March, 1951; that he lived with this second wife for only two months before they were divorced (it not being shown which spouse obtained that divorce); and, that he married his third and "present" wife in April, 1953.

Plaintiff's counsel insist that his continued military service, his rank of staff sergeant, and the "good conduct medal" worn by him at the time of hearing establish that plaintiff is not a sex pervert. Although courts are not required to profess ignorance of matters known to the general public [Elder v. Delcour, 364 Mo. 835, 269 S.W.2d 17, 19(2); City of St. Louis v. Pope, 344 Mo. 479, 126 S.W.2d 1201, 1210(5)], the moral implications flowing from the right to wear a "good conduct medal," cherished as that right may be, obviously are not matters of which we may take judicial notice, i. e., matters which are common knowledge to the majority of mankind. Consult Bowman v. Kansas City, 361 Mo. 14, 233 S.W.2d 26, 30(5); Spoene-

man v. Uhri, 332 Mo. 821, 60 S.W.2d 9, 12(5); Moler v. Whisman, 243 Mo. 571, 147 S.W. 985, 987(2), 40 L.R.A.,N.S., 629.

■■ Purposely refraining from branding plaintiff with any opprobrious appellation, we nevertheless unhesitatingly express our opinion that, upon the transcript presented to us, plaintiff's moral unfitness to have the care and custody of minor children as of the date of entry of the original decree is demonstrated adequately and convincingly. Since, by the original decree, defendant was adjudged to have been the innocent and injured party and the custody of the children then was awarded to her, all presumptions are in her favor on plaintiff's motion to modify the provisions as to custody; and she is entitled prima facie to continued undivided custody. Hawkins v. Thompson, Mo.App., 210 S.W.2d 747, 752; Irvine v. Aust, Mo.App., 193 S.W.2d 336, 342(2). Thus, defendant is *not* under the burden of showing affirmatively plaintiff's present moral unfitness; but, on the contrary, plaintiff can have "no claim upon the custody of these children, even for short periods of time, in the absence of strong and impelling evidence of his repentance and rehabilitation." Ackermann v. Ackermann, Mo.App., 280 S.W.2d 425, 427. Searching the record in vain for any indication of repentance or penitence on plaintiff's part but finding instead his brash denials of any wrongdoing, the testimony about his having "shacked up with an unmarried woman" and her illegitimate child in Europe, and a report of continuing marital instability as evidenced by his second marriage which lasted only two months, we are convinced that plaintiff failed to carry his burden of proof on the motion to modify. Dansker v. Dansker, supra, 279 S.W.2d loc. cit. 210. See also Smith v. Smith, Mo.App., 231 S.W.2d 637, 639–640(4); Chamberlain v. Chamberlain, Mo. App., 230 S.W.2d 184, 190.

■ Although, in a case of this character, we should and do accord due deference to the findings of the trial court, particularly where sharply conflicting evidence does not preponderate one way or the other, it is our duty to review the whole record and make such findings as we may believe to be proper and appropriate. Hawkins v. Thompson, supra, 210 S.W.2d loc. cit. 751(1); Parks v. Cook, Mo. App., 180 S.W.2d 64, 68(1). Reluctant as we are to disagree with the capable and conscientious trial judge, for whom we entertain the highest respect, we nevertheless would be recreant to our trust if we yielded our firm convictions simply because he, upon the same state of facts, found differently. Campbell v. Campbell, Mo.App., 281 S.W. 2d 314, 319, and cases there cited.

Plaintiff agrees that, on the only two occasions when he sought to visit the children during the period of almost six years from entry of the original decree to the hearing on the motion to modify, he was received in defendant's home courteously, having dinner there on his second visit. Defendant averring her continuing willingness that plaintiff should have the right to visit the children in her home, that portion of the order and decree of modification entered on August 26, 1954, providing that plaintiff may visit the children "on all reasonable occasions in the home of the defendant" is affirmed (and that portion of the decree pertaining to *defendant's* motion to modify the provisions of the original decree as to child support, not being in issue on this appeal, stands unaffected); but, plaintiff having failed to carry his burden of showing changed conditions which, in the best interests of the children, require modification to permit the children to "visit him in the home of his mother" for two weeks each year (actually giving him care and custody of the children during those periods), all provisions of the decree of modification pertaining to such "visits" are hereby set aside, and the cause is remanded with directions to eliminate those provisions from the decree of modification.

McDOWELL, P. J., and RUARK, J., concur.