Racine Tobi LONG, (Plaintiff) Respondent,

v.

Donald H. LONG, (Defendant) Appellant.
Nos. 30919, 31014, 31113.

St. Louis Court of Appeals.

Missouri.

May 15, 1962.

Pollock, Ward, Klobasa & Shaw, T. Hartley Pollock, John A. Shaw, William E. Buckley, St. Louis, for appellant.

Martin, Dinger & Kroening, Marvin L. Dinger, St. Louis, for respondent.

J. MORGAN DONELSON, Special Commissioner.

These are consolidated appeals by defendant-appellant from a decree modifying a divorce decree to increase child support payments and orders allowing plaintiff-respondent attorney fees and suit money, in connection with the motion to modify and these appeals.

It is well established that such cases are tried de novo upon appeal. Hawkins v. Hawkins, Mo.App., 250 S.W.2d 817; Simmons v. Trenter, Mo.App., 327 S.W.2d 936. Neither party nor any other witness personally appeared before the court. The evidence consisted of exhibits (mostly court records), depositions of the parties, and stipulations as to what testimony of plaintiff and defendant would be if called to testify; the truth of which was not admitted by the parties.

Plaintiff and defendant were married on March 15, 1944, and lived together as husband and wife, except for a brief period, until July 5, 1947. Two children were born of this marriage, John Scott Long, born December 4, 1944, and Victoria Hope Long, born May 23, 1947.

Plaintiff filed suit for divorce in the Circuit Court of the City of St. Louis and was granted a divorce on October 25, 1948. By the terms of the decree plaintiff was (1) granted custody of said children with visitation rights to defendant; (2) awarded the sum of $12.50 per week for each child for their care and support; (3) awarded $12,000.00 alimony in gross, payable in installments extending to October, 1952; and (4) also awarded $500.00 for her attorney fee.

Plaintiff's first motion to modify which sought increased child support payments was filed November 13, 1950, and heard and overruled by the court on January 5, 1951. On September 17, 1958, plaintiff filed her second motion to modify said child support payments, which was sustained on October 24, 1958. The order modified the original decree and increased the child support payments to be paid plaintiff from $12.50 per week per child or a total of $25.00 per week to $20.00 per week per child or a total of $40.00 per week. On October 20, 1959, plaintiff filed another, her third, motion to modify the decree as to child support payments. This motion was voluntarily dismissed without prejudice on September 7, 1960.

The instant or fourth motion to modify the decree as to child support payments was filed November 2, 1960, by plaintiff. Her motion alleged that there had been a substantial change of plaintiff's position in regard to the care of said children, and also a substantial change in defendant's financial position. Thereafter, plaintiff filed her motion for attorney fees, suit money and costs. The court awarded plaintiff $150.00 "on account pending the final disposition," on January 13, 1961.

The motion to modify was heard by the court on February 24, 1961, and entered its order modifying the decree on March 9, 1961. The court order increased the weekly support of said children from $20.00 per week for each child to $30.00 per week for each child, or a total of $60.00 per week for both children. The court also allowed plaintiff $100.00 additional as and for her attorney fee. Later, on motion the court awarded plaintiff the sum of $300.00 for her attorney fee and $100.00 to pay necessary costs and expenses of these appeals. It is of these orders that defendant complains here.

Plaintiff lives with her children and her mother in an apartment. Her only sources of income are about $150.00 per month from her mother and brother, and the $40.00 per week from defendant for the care and support of said children. Plaintiff is not employed regularly. It also appears that plaintiff inherited from her father a total of about $45,000.00, which was distributed to her from 1946 to 1948. She also received $12,000.00 alimony in gross from defendant from 1948 to 1952, or a total of $57,000.00. The evidence presented now is that plaintiff has no funds, money, stocks, bonds, or other investments or property, but she is unable to and did not state what happened to her inheritance and other money, except she gave some to her mother.

Plaintiff has no checking account but operates on cash only. She keeps no records of any kind, no sale receipts or other receipts, and writes no checks for her expenses in the operation of her household for herself, the two children and her mother. The stipulation shows she would have testified that $75.00 per week is required to care for said children now. No record of any kind is maintained by plaintiff as to any of these expenses of the children. While the courts have not required corroborative evidence of the expenses for the care and support of children, the complete absence of such evidence as receipts, sales slips, etc., makes this court wonder if it may not have been by design.

In 1958 the son was in high school and he was still in high school in 1961. The daughter was in junior high school in 1958 and she still was in junior high school at time the plaintiff's deposition was taken in 1961. In 1958 the plaintiff lived with her mother and two children in an apartment and paid $102.50 a month, with heat not furnished. They now live in an apartment with heat furnished and pay $125.00 per month rent.

The evidence discloses that defendant is employed by his brother in a business which is owned by his brother. He earns from $72.00 to $82.00 per week after tax and other deductions. His gross income was approximately $4400.00 and $4500.00 for the years 1959 and 1960 respectively. He receives $200.00 per month from his brother in settlement of his father's estate, which will continue about six years. His other assets are $400.00 in a checking account, $180.00 in two savings accounts, a 1953 Oldsmobile automobile, half interest in his mother's house where he resides rent free, $5000.00 partial distribution from his mother's estate (which is now invested but no income has been received therefrom) with about $1000.00 yet to be distributed, and 100 shares of stock costing $600.00. He has for three years been a contributor of $30.00 per month as a member of the Downtown Investors Syndicate. His present wife has no other source of income. He has no paid up life insurance policies, but has life insurance policies as follows: $2500.00 since 1936, $3000.00 since 1946–48, and $10,000.00 since 1954. He borrowed the maximum on

the $2500.00 policy in 1944 and this is still outstanding. He also has group hospitalization insurance which includes the children.

No evidence appears in the record of the expenses for the care and support of the children at the time of the modification in 1958 except as set forth above. The children, it is true, are two years older at the time of hearing than at time of the modification, but, as indicated above, they were still in the same type of school.

A review of the entire record discloses that there is no substantial change in the assets and earnings of defendant since 1958 at the time of modification and now. The court has outlined his assets and earnings above. In 1958 he was earning $70.00 to $75.00 per week. Defendant's mother had died prior to the filing and modification in 1958. Her estate was in administration at that time and no distribution had been made. His interest was the same in her estate as now, except subject to claims against her estate and costs of administration. Defendant was receiving the same $200.00 per month from his brother in settlement of his father's estate. He also was a member of the Downtown Investors Syndicate at that time, and lived in his mother's home rent free. Apparently defendant purchased the 100 shares of stock valued at $600.00 since that time. There is no evidence of what his checking account or savings account, if any, were in 1958 and no inquiry was made in that regard by plaintiff. Defendant had the same insurance policies then as now, including the hospitalization coverage.

The amount allowed for the care and support of children is, of course, subject to later modification where changed positions or conditions require it. The needs of the children and the ability of the father to contribute necessarily must be considered by the court. In the case at bar, after a careful consideration of the records and a review of all the authorities, we must conclude that plaintiff has not presented sufficient competent evidence to show a change

of conditions or circumstances with respect to the needs of the minor children and with respect to the financial ability of defendant to pay an increased support payment since the order modifying the decree on October 24, 1958. These burdens rest upon plaintiff. The court was in error and was not justified, under the evidence, in rendering its order modifying the decree and plaintiff's motion to modify must be overruled. Papenberg v. Papenberg, Mo.App., 289 S.W.2d 468; Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71; Samland v. Samland, Mo.App., 277 S.W.2d 880; Simmons v. Trenter, Mo.App., 327 S.W.2d 936; Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189.

It is urged here that the court also erred in allowing plaintiff an attorney fee and suit money for prosecution of her motion to modify and of these appeals. We find this contention without merit. This court might well have reached a different decision in this regard in view of plaintiff's lack of explanation of the dissipation of a small fortune, even though she now says she has no funds or property, but said allowances are within the sound discretion of the court. We conclude the court did not abuse its discretion and deference will be given to the trial court's judgment. Hawkins v. Hawkins, supra; Wonneman v. Wonneman, supra.

Therefore, the orders of the court allowing attorney fees, and suit money for the original hearing and these appeals are hereby affirmed, and that portion of the judgment and order modifying the decree to increase child support payments is reversed, and the court is directed to dismiss plaintiff's motion to modify.

PER CURIAM.

The foregoing opinion by J. MORGAN DONELSON, Special Commissioner, is adopted as the opinion of the Court.

The orders of the court allowing attorney fees, and suit money for the original hear-

ing and these appeals are hereby affirmed, and the portion of the judgment and order modifying the decree to increase child support payments is reversed and the trial court is directed to dismiss plaintiff's motion to modify.

ANDERSON, P. J., WOLFE, J., and ELGIN T. FULLER, Special Judge, concur.