Myrtle RIGGIN, (Plaintiff) Respondent,

v.

Raymond RIGGIN, Jr., (Defendant) Appellant.

No. 31460.

St. Louis Court of Appeals.

Missouri.

Dec. 17, 1963.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 16, 1964.

Gregg Wm. Keegan, Jos. B. McGlynn, Jr., St. Louis, for appellant.

Thomas W. Flynn, Jr., and Willemin & Flynn, Clayton, for respondent.

FRANK D. CONNETT, Jr., Special Judge.

Defendant-appellant father and plaintiff-respondent mother were married on June 21, 1941, in St. Louis, Missouri. A girl named Carole was born of this marriage on August 13, 1943. On December 12, 1951, in St. Louis County, plaintiff obtained a divorce from defendant and received custody of Carole. She was allowed alimony in the amount of $50.00 per month and child support in the amount of $75.00 per month.

The parties entered into a property settlement which included no income producing property and from which plaintiff received the home, a $12,000 house ($3600 equity). She assumed the mortgage payments on the house of $75.00 per month which were later increased to $104.00 per month by reason of improvements and repairs made to the house by plaintiff.

In August 1961, plaintiff filed a motion to modify the child support allowance and on October 13, 1961, defendant filed a motion to modify the alimony allowance. On October 20, 1961, the two motions were consolidated and tried before the court.

The only witnesses were the plaintiff who testified as to the present condition of herself and Carole and defendant who testified, by deposition, (introduced by plaintiff) as to his present condition. There was no material conflict in the evidence. On August 21, 1962, the court without findings of fact (none were requested) denied defendant's motion to modify the alimony allowance and sustained plaintiff's motion to modify the child support allowance. It set the allowance at $45.00 per week which comes to $195.00 per month, an increase of $120.00 per month over the $75.00 per month allowed ten years earlier in the divorce decree.

Defendant appeals from the action of the trial court in both motions. He seems to contend that the evidence was insufficient to show that the defendant-husband had the ability to pay the increased child support payments and in any event the alimony payments should have been decreased because plaintiff's condition had greatly improved since the time of the divorce.

Defendant argues that since plaintiff introduced defendant's deposition into evidence as a part of her case, she is bound thereby and that the testimony therein shows that defendant cannot afford to make the payments of alimony and child support which are now required as a result of the trial court's action. Plaintiff, under the circumstances of this case, is bound by the evidentiary facts in the defendant's deposition. Orlann v. Laederich, et al., 338 Mo. 783, 92 S.W.2d 190. However, she is not bound by defendant's conclusions drawn therefrom. The trial court drew a conclusion different from that of defendant and since there was no substantial conflict in the evidence, we will proceed to review the evidence and reach our own conclusion.

After the divorce in 1951, plaintiff was looking for work and receiving $50.00 per month alimony and $75.00 per month child support. She had house payments of $75.00 per month. Carole was eight years old and her tuition at school was $1.00 per month. Ten years later, at the time of the hearing on the motion to modify, plaintiff was still single, living in the same house, earning $433.00 per month gross. Her mother and father lived with her and shared the expense of operating the household. Her house payments were now $104.00 per month. Carole was now 18 years old and in St. Louis University studying to be a physical therapist. Her tuition and fees amounted to $876.00 per year or an average of $73.00 per month, spread out over the entire year. It cost plaintiff $210.00 per month, including the cost of education, to maintain Carole. She still received $75.00 per month child support and $50.00 per month alimony. Her total gross income including the $125.00 per month from defendant was $558.00 per month or $6696.00 per year.

After the divorce in 1951, defendant was receiving $700.00 per month gross and living with his mother. Ten years later he was living in California, married and had a six year old daughter named Barbara. He was working for the same company and his income was in excess of $20,000 per year, $18,000 of which was salary. In 1959 he earned $25,200, $5500 of which was long term capital gain and in 1960 $21,500 with no capital gain. He also received a mileage and entertainment expense account from his employer. There was some evidence that his child Barbara was not healthy. However, the family's monthly medical and dental expense was only $40.00. Although plaintiff-mother does have an earned income of approximately $5200.00 per year, the primary duty and responsibility to support and educate the child is in the father and he is not absolved of this because the mother may have independent means. Matthews v. Matthews, Mo.App., 337 S.W.2d 529, 532. As for the alimony payments, we have an ex-wife who earns approximately

$5200 per year and a former husband who earns over $20,000 per year.

This comparison of the parties' respective conditions in life demonstrates that the trial court drew the proper conclusion. We draw the same conclusion. The judgment is affirmed.

WOLFE, Acting P. J., and ANDERSON, J., concur.