**Georgia SPORTSMAN, Appellant,**

**v.**

**Phillip SPORTSMAN, Respondent.**

**No. 24390.**

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1966.

C. B. Burns, Jr., Brookfield, for appellant.

Walter E. Allen, Brookfield, for respondent.

HOWARD, Judge.

This is an appeal from the action of the trial court in denying appellant's motion to modify a divorce decree by granting an increase in child support. The respondent husband originally filed his petition for divorce, but the divorce was granted on the cross-bill of appellant wife. The divorce was granted February 5, 1965, and the wife was given custody of three minor children, with an award of $125.00 per month as child support. The wife subsequently filed a motion to modify the decree by increasing the award for child support. A hearing on this motion was held May 8, 1965.

The evidence in the record before us is extremely sparse and many of the essential facts can be arrived at only by inference and deduction. We are not even presented with the contents of the divorce decree. However, it does appear that the three children, whose custody was awarded to the wife, were one boy, age 17, who was graduating from high school in the spring of 1965, and two younger girls, whose ages are not given, but one of them was referred to as "the baby". The husband was a railroad conductor, but he overlooked a train order and was "pulled out of service" because of this dereliction on October 8, 1964. He testified that he lost five and one-half months work. It appears that under such circumstances he had no right to go back to work and could have been without railroad employment indefinitely and perhaps permanently. However, he did return to work as a railroad conductor some time prior to the hearing on the motion to modify, but after the divorce decree was granted. He was receiving no pay from the railroad at the time of the divorce decree. At the time of the decree, the husband was engaged in the pest control business and he was continuing to operate that business at the time of the hearing on the motion to modify. He testified that at the time of the divorce decree his income from the pest control business was "practically nothing". During the month of April, 1965, his gross income from the pest control business was $397.00 and he had contracts for monthly roach control services which amounted to $160.00 per month. At the time of the hearing, he was earning a little less than $500.00 a month as a railroad conductor. This was based on gross earnings of $750.00 for the last 45 days preceding the hearing.

The wife had been temporarily employed as a proof reader in a publishing house in a neighboring town, from which she received $50.00 per week, with a take home pay of $96.00 every two weeks. Apparently she secured this employment prior to the divorce decree but testified that it would terminate within two or three weeks after the hearing on the motion to modify. The 17 year old boy had part time employment after school and also did some work for his father at night and on weekends for which he received $2.00 per hour. The testimony concerning the exterminating business refers to "boys" in the plural but no age is given for any other children of the marriage and the evidence does not reveal that the husband is supporting any other child.

The wife testified that the 17 year old boy desired to attend college in the fall of 1965, and that this would entail additional expense in the amount of $800.00 in fees for a year and together with room and board would total $1,700.00 to $1,800.00 per year, which she could not provide. She further testified that the children were out of clothes, and that other additional expenses would be necessary in the near future. In her testimony she intermingled her own individual expenses with those necessary for the children's support.

The husband testified to expenses in connection with his exterminating business far in excess of income. He commingled payments for child support, his railroad union dues and other personal expenses with his business expense. He was not represented by counsel at the hearing on the motion to modify, although he is represented by counsel on this appeal. It would serve no useful purpose to attempt to sift the evidence of expenditures, both because of the uncertainty resulting from the commingling above mentioned and because the itemizations were only partial and fragmentary. Furthermore, their reliability is questionable.

■ The husband, representing himself, undertook to cross examine the wife. This resulted in an inordinate amount of recrimination and bickering. We conclude from this that neither party had lived up to the provisions of a property settlement agreement entered into at the time of the divorce decree. This was, of course, immaterial to any issue involved in the motion to modify the decree as to child support, but much of it was permitted over objection of the wife's counsel, with the statement by the trial court that it might reveal the wife's attitude. Such evidence should not have been admitted. The attitude of the wife is not determinative of, or material to, the issues of the needs of the children and the ability of the father to supply these needs. Even if the attitude of the wife should show reason for punitive action

against her, this could not form the basis for punishing the children by refusing an increase in child support, which was otherwise shown to be necessary in their best interest. See Slaughter v. Slaughter, Mo. App., 313 S.W.2d 193.

■ In a matter such as this we must, on appeal, determine the facts from the record as in a trial de novo and render the judgment that should have been rendered. In this case there is no such conflict in the evidence as to call for us to defer to the finding of the trial court on such matters. See Hawkins v. Hawkins, Mo.App., 250 S.W.2d 817; Simmons v. Trenter, Mo.App., 327 S.W.2d 936; and Long v. Long, Mo.App., 357 S.W.2d 243.

In the present case the ability of the father to pay has radically changed since the date of the divorce decree. At that time he was laid off from his railroad employment for at least an indefinite period and received no income therefrom; he was apparently starting a pest control business, which was then bringing in practically no income. At the time of the hearing on the motion to modify, the husband was receiving a little less than $500.00 per month from the railroad, and his pest control business had progressed to the point where its gross income was $397.00 for the previous month and where he had a regular contractual income of $160.00 per month in such business. Even though we can not determine net income, this shows a marked change in the financial condition of the husband and his ability to adequately support his children. It appears that the wife and the three children in her custody were living in very overcrowded conditions in a small three room apartment about which the husband complained bitterly, and that her income from her temporary employment was about to terminate. She testified that she expected to seek other employment, but her success in such endeavor and the resulting level of income is purely problematical. Although her testimony as to the items of living expense is, at the best, ex-

tremely unsatisfactory, it would appear that the children were not receiving adequate support.

■ She testified that the award for child support in the amount of $125.00 per month was entered by agreement, and that she agreed to this amount at the time of the decree, because her husband was unemployed and without current income and could not afford to pay more. As noted above, this condition has changed. Further, and more important, upon his graduation from high school the 17 year old boy desired to go to college. Such education is not unreasonable. The cost of education and the standard of living of the parties is properly considered in fixing the amount of an award for child support. See Montgomery v. Montgomery, Mo.App., 257 S.W. 2d 189; Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71 and Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354.

■ It is axiomatic that awards for child support are merely a fixing, for the future, of the father's common law duty to support his children. See Lodahl v. Papenberg, Mo., 277 S.W.2d 548; Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189; Wonneman v. Wonneman, Mo.App., 305 S.W.2d 71; Slaughter v. Slaughter, Mo. App., 313 S.W.2d 193; Mathews v. Mathews, Mo.App., 337 S.W.2d 529; Riggin v. Riggin, Mo.App., 373 S.W.2d 633. This duty of a father to support his children is not affected or diminished by the economic condition of the children or the wife. See Riesenmey v. Riesenmey, 236 Mo.App. 551, 155 S.W.2d 505, in addition to the authorities above cited. Furthermore, any dereliction of the wife could not relieve the husband and father of this duty or justify a denial of adequate support to the children.

■ Given a change in condition, it is the duty of the court to fix the amount of child support commensurate with the best interests of the children and their reasonable needs, as necessarily conditioned by the ability of the father to pay. See in addition

to the cases heretofore cited, Prudot v. Stevens, Mo.App., 266 S.W.2d 756; Papenberg v. Papenberg, Mo.App., 289 S.W.2d 468; Bettinger v. Bettinger, Mo.App., 355 S.W.2d 354; Long v. Long, Mo.App., 357 S.W.2d 243; Chilcutt v. Baker, Mo.App., 384 S.W.2d 854.

■ The husband's brief contends that there has been no showing of changed conditions because, in fixing the amount of the child support at the time of the divorce decree, the court should have taken into consideration both the income of the husband prior to the decree, as well as his income and financial situation at the time of the decree. He bases this argument on the case of Weiss v. Weiss, Mo.App., 392 S.W. 2d 646. In this case the husband had voluntarily changed jobs, which change resulted in substantially lower pay, shortly prior to the entry of the divorce decree. The court pointed out that such a voluntary reduction in income could not be allowed to defeat the right of the child to adequate support and that in such a situation the amount of child support should be based on the capacity of the husband to earn and pay and should not be based solely on the husband's current income. However, this case must be considered in light of the general principles governing this problem and specifically in light of such cases as Schwent v. Schwent, Mo.App., 209 S.W.2d 546, where the husband's income had been substantially reduced shortly prior to trial, through no fault or action of his own. In that case, the court pointed out that it would be unrealistic to base an award on past income which could not reasonably be expected to continue in the future. The court noted that if the husband's financial condition did improve in the future, contrary to expectations, the court could, based upon such fact, increase the award of child support commensurate with such improved financial condition. In light of these cases, we cannot properly ignore the fact that the husband in the case at bar was substantially without income at the time of the entry of the divorce decree. There is nothing in the

record to indicate that the trial court did not take this into consideration when it apparently approved the agreement as to the amount of child support, which agreement, according to the wife, was based on the fact that the husband was without current income.

We, therefore, conclude that the wife has shown a change in condition, both as to the needs of the children and the ability of the father to pay, and is entitled to an increase in the amount of child support. Normally we would enter the decree that the trial court should have entered. However, because of the unsatisfactory nature of the evidence presented, we are unable to arrive at any proper amount for child support. The evidence is obviously available, but the record presents no clear picture. Most of the evidence that we have before us is not in useable form. Any award that we might make could be based only on guess and conjecture. We decline to assume such a handicap, but under the circumstances we believe that this case should be remanded to the trial court for the taking of additional evidence so that a reasonable award of child support may be made. See Simon v. Simon, Mo., 248 S.W.2d 560; Nelson v. Nelson, Mo.App., 357 S.W.2d 223 and Chilcutt v. Baker, Mo.App., 384 S.W.2d 854.

We note that the trial court had before it, and apparently considered, its notes made at a previous hearing. The date of this hearing is not disclosed but it appears to have been a hearing on an application for temporary alimony and support, which was held at a time prior to the husband's lay-off from his job as railroad conductor. It is not clear, but we infer, that in this application the wife asked for only $200.00 per month. The wife explained this was only enough to cover the barest and most meager of necessities, which would only permit existence rather than living, and was only designed to provide for a very temporary period. These notes are not incorporated in the record and consequently are of no assistance to us. They do not require that we defer to the finding of the trial court in this situation. Over a year has passed since the hearing on the motion to modify. At that time the 17 year old boy anticipated becoming a college freshman in the fall of 1965. If he did matriculate he would normally be in his sophomore year at the present time. Not only does this show additional change of condition, but the facts that have actually transpired since the hearing may throw an entirely different light on the situation. Therefore, the wife should be permitted to amend her application to modify the divorce decree as to child support, if she and her counsel are so advised.

The decree below is reversed and the cause is remanded for further proceedings in accordance with this opinion.

All concur.