**James W. ROPER, Appellant,**

v.

**Sally ROPER (Wooldridge), Respondent.**

**No. 25377.**

Kansas City Court of Appeals,
Missouri.

Dec. 7, 1970.

J. Walter J. Jones, Kansas City, for appellant.

Morley Johnson Vogel, Belton, for respondent.

HOWARD, Judge.

This is an appeal from the order of the trial court overruling the father's (appellant's) motion to modify a divorce decree seeking transfer of custody of the twelve-year-old son of the parties from the mother to the father. The parties were divorced when the child was six years old. Although served, the father made default and the divorce was granted to the mother who also received custody of the then six-year-old boy, and chld support. At the time of the hearing below on the father's motion for custody, the boy was twelve years old. In the view we take of this case, a statement of the evidence is not required.

The father, in his argument and brief, contends that the judgment is not supported by the evidence. The mother, although granted permission to file a typewritten brief, has not presented anything to this court. We are thus without the benefit of any contentions attempting to sustain the action of the trial court. At the close of the father's evidence (not at the close of all of the evidence), the court, at the suggestion of counsel and with the consent of the parties, interviewed the boy in chambers without the presence of either parent or of either of the attorneys. Also, the court reporter was not present and no record was made of this interview. Immediately thereafter and before the conclusion of evidence, the trial judge announced that he thought that the father had caused the trouble. He stated: "I think he has set out to make the boy unhappy so the boy would want to live with him, and his (indicating) mother has participated in it. I think it is the idea of taking the little boy and telling him, 'When you get to be twelve years old you get to live with me and everything will be rosey'". There is no evidence in the record to support this conclusion by the trial court. The testimony of the father did indicate that when the boy was unhappy in the home of his mother and wanted to come to live with the father that he (the father) told him (the son) that when he got to be twelve years old, perhaps a change of custody could be secured. There is absolutely no evidence in the record of any course of conduct or campaign on the part of the father to justify the foregoing conclusion of the trial judge. It is, therefore, apparent that this conclusion, of necessity, was based upon facts which do not appear in the record. We might speculate that the off-the-record interview with the boy furnished some basis for this conclusion. However, such speculation cannot serve to supply that which is omitted from the record. This illustrates and points up the dangers inherent in the practice of an in camera interview between the judge and the child which is not reported nor made a part of the record.

After the statement of this conclusion by the trial judge, a colloquy occurred between the judge, the two counsel and the mother, which covers approximately ten pages in the transcript. During this colloquy, the mother made statements of fact relative to the issues involved but she was never sworn and did not testify and was never cross-examined. The only formal evidence adduced by the mother was the testimony of her then husband, consisting solely of statements attempting to explain away his alleged past misconduct and of testimony as to his relationship with the boy.

Since it is apparent from the record as a whole that the decision of the trial court

was based upon the foregoing conclusion which is not supported by any evidence in the record, we are constrained to hold that the decision of the trial court overruling the motion is erroneous because it is not supported by the evidence in the record.

Under normal circumstances and pursuant to the provision of Civil Rule 73.01(d), V.A.M.R., this court, on appeal, reviews a court tried case de novo upon the record as a whole and if we conclude that the judgment below is erroneous, we are authorized to enter the judgment that the trial court should have entered. However, in the present state of the record where it is apparent that the trial judge was actuated in his decision by facts that do not appear in the record and where we do not have the benefit of the testimony of the mother, which omission is apparently the result of the announced conclusion of the trial court, we are unable to render such decree. The record is not sufficiently complete to enable us to do so. Sportsman v. Sportsman, Mo.App., 409 S.W.2d 787, and cases cited therein.

We, therefore, conclude that the judgment of the trial court is not supported by the evidence in the record; it is, therefore, erroneous and is reversed. Because of the incompleteness of the record and the obvious existence of facts which are not reflected therein, we are unable to enter a proper judgment and the cause is, therefore, remanded to the trial court for rehearing.

All concur.