[Civ. No. 12716.   First Dist., Div. Two.   Oct. 17, 1944.]

VIRGINIA LEE KENTERA, Appellant, v. EDWARD C. KENTERA, Respondent.

W. L. A. Calder for Appellant.

Edward Dienstag for Respondent.

NOURSE, P. J.—The plaintiff in an action for divorce appeals from an order of the superior court modifying the portion of the decree relating to the custody of the minor child of the parties.

In the interlocutory decree of divorce which was entered March 9, 1939, provision was made in accordance with the written agreement of the parties that each should have joint custody, control and care of the minor child, but that the mother should have physical custody with the right of the father to visit with and keep the child for fixed periods. The mother was directed not to move the child's residence from San Francisco without the consent of the court. After the entry of a final decree both parties married. The mother and her husband made their' home in Ukiah, the father and his second wife maintained a home in San Francisco. The custody award was modified to permit the mother to keep the child in her home in Ukiah on condition that she deliver him to the father in San Francisco on fixed occasions. The mother disregarded the terms of the order and the father moved for a modification of it. On the hearing of this motion all parties and their counsel were present in court and agreed to the modifications which are the subject of this appeal.

This order continued the joint legal custody of the minor in the father and mother. The mother was permitted to retain physical custody at her home in Ukiah but was required to bring the child to San Francisco once each month to visit the father, to deliver him to the father (or in his absence to the latter's wife or mother) to be kept for two months of the summer vacation and on alternate Easter, Thanksgiving and Christmas vacations. At the time of the hearing of this motion the child was six years old and attending school. The father was a member of the armed forces of the United States stationed temporarily at Camp Kearns, Utah, but was then on furlough.

Appellant's first ground of attack upon the order is that it was error to deprive her of the custody of the minor during these vacation periods and to vest such custody in respondent's mother or second wife. The argument is based

upon a misconception of the record. There was no change in the custody of the minor. This remained jointly in the father and the mother. The portion of the order requiring the appellant to deliver the child to the family of the respondent in San Francisco was made because of his temporary absence in the armed service and also to relieve the appellant from more frequent trips from her home in Ukiah which were required by an existing order from which no appeal was taken.

But in open court the appellant expressly agreed that the order should provide that the father have possession of the child for two months during the summer vacation and alternately for one week of the Easter, Thanksgiving and Christmas vacations and that on those occasions he be delivered at the home of respondent or his mother. It was then stipulated that the order should direct appellant to bring the minor to San Francisco for one week-end each month and that the grandmother be permitted to visit him at appellant's home in Ukiah. In entering this stipulation all parties agreed with the trial court that this arrangement was for the best interest of the child, and that they desired to have him raised in this manner to respect both parents. Having agreed with the trial court that such an order should be made we are unable to understand why appellant should take this appeal. The settled rule in this state is that an appeal will not lie from a judgment entered upon the consent of the parties. (*People* v. *Hodges,* 205 Cal. 476 [271 P. 897].) The fact that after the hearing counsel for appellant attempted by a letter addressed to the trial court to voice some objections to the order does not affect the situation that in open court its terms were agreed to.

This disposes of the first three grounds of appeal, but we should add that there was no departure in the order from the rule of *Stever* v. *Stever,* 6 Cal.2d 166, 169 [56 P.2d 1229] ; and *In re White,* 54 Cal.App.2d 637, 638 [129 P.2d 706], affirming the right of the mother to legal custody of a minor unless she is found to be unfit. Here such right is preserved and the provisions of the order requiring the mother to deliver the child to the paternal grandmother on certain occasions were made by consent of the parties because the father was in the service and spent his furloughs at his mother's home.

The argument that the court erred in denying the

plaintiff attorney's fees is without merit. The only evidence offered was that defendant received $50 a month from the army. The decree required him to pay $25 a month to plaintiff for the support of the child. The remaining twenty-five was paid to his wife. There was no evidence that plaintiff was unable to pay her own counsel. The allowance of attorney's fees in such cases is a matter of discretion and there is no showing here that such discretion was abused. (*Sharon* v. *Sharon*, 67 Cal. 185, 197 [7 P. 456, 635, 8 P. 709].)

██ Finally, it is argued that the trial court erred in refusing to permit plaintiff to offer evidence. The argument is based upon the bald statement that plaintiff "offered to introduce evidence by other persons." The record does not support the statement. Furthermore, if plaintiff had evidence to tender, she should have made an offer of proof and should be able to find some place in the record where the trial court denied her the right to produce the evidence. (*MacDonnell* v. *California Lands, Inc.*, 15 Cal.2d 344, 349 [101 P.2d 479].)

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 4, 1944. Edmonds, J., and Carter, J., voted for a hearing.