[Civ. No. 18837. Second Dist., Div. Two. Oct. 6, 1952.]

DEXTER BENNER, Appellant, v. JEAN E. BENNER, Defendant; FLORENCE SPANGLER, Respondent.

Robert H. Green for Appellant.

Hahn, Ross & Saunders for Respondent.

FOX, J.—Following a decree of divorce, custody of the minor child of the parties was awarded to defendant, who, with the child, resided in the home of her mother. In October, 1949, defendant disappeared and her whereabouts are still unknown. Soon thereafter custody of the little child was awarded plaintiff. At a hearing on December 16, 1949, it was ordered, pursuant to stipulation, that Mrs. Spangler, the natural grandmother of the child, in whose home she had lived for three years, might have reasonable opportunities

to visit with the child and that the court might fix the times and places of such visitations, which the court did.

Plaintiff has since moved to vacate the order of December 16, 1949, upon the ground that the court lacked jurisdiction to make it. From the order (entered August 7, 1951) denying the motion he appeals. He has also given notice of an appeal from certain other orders (entered August 20, 1951), charging him with contempt for alleged violations of the court's orders re Mrs. Spangler's visitation privileges with the child. As to these latter orders plaintiff is not aggrieved since his motion to dismiss the contempt citations was granted. Such purported appeal is therefore dismissed.

Plaintiff attacks the order of December 16, 1949, on the ground that since Mrs. Spangler, the natural grandmother, was not a party to the action the court had no jurisdiction to permit her to visit with the child in her own home one weekend per month from Saturday noon till 6 p. m. Sunday, and to visit with her in the plaintiff's home one Saturday in each month from 10 a. m. to 5 p. m. The simple answer to this attack is that the visitation privileges were granted pusuant to stipulation and for the best interest and welfare of the child. It was at this hearing that the court determined plaintiff was a fit and proper person to have the custody of the child, he having been awarded only the temporary, physical custody some two months previously. It is thus clear that the court had jurisdiction of the child and plaintiff and the responsibility of determining what was for the best interest of the child, taking into consideration the absence of her mother, her age of about $4\frac{1}{2}$ years, that she had lived with her grandmother approximately three years, the father's remarriage and home situation and the other facts and circumstances that appear to have a bearing on the problem and its proper solution. Here the grandmother undoubtedly occupied an important place in the life of this young child in view of the absence of her mother, and the fact that she had lived with the grandmother for some three years. To have suddenly severed this close blood tie of love and affection and completely remove the child from her familiar surroundings might well have caused her considerable nervous and emotional disturbance. Hence the propriety of the order which permitted the child to go back to her former home once a month and spend a day and night there and to have the opportunity of spending an additional day each month in her new home with her grandmother. (During the course of the hearing

plaintiff took the position that this order amounted to an award of custody of the child to the grandmother. Such a contention is contrary to the plain language of the order and its obvious intent.) Of course the court had the power, without the stipulation, to make an order which from all the facts appeared to be for the best interest and welfare of the child and without regard to the personal feelings and desires of the father. (*Smith* v. *Smith,* 85 Cal.App.2d 428, 434 [193 P.2d 56].)

*Kentera* v. *Kentera,* 66 Cal.App.2d 373 [152 P.2d 238], is similar to the case at bar in that it involved a consent order which provided visitation privileges beyond those of the parents. Both parents had remarried. The mother lived in Ukiah. The father and his second wife maintained a home in San Francisco although he was a member of the armed forces temporarily located in Utah. His mother also lived in San Francisco. The child was 6 years old and attending school. The order required the mother to bring the child to San Francisco for one weekend each month, for a two months' visit during the summer vacation, and for one week on alternate Easter, Thanksgiving and Christmas vacations. In the absence of the father the child was to be delivered to either his wife or to his mother. The order also permitted the grandmother to visit the child in the mother's home in Ukiah. It was considered that this arrangement was for the best interest of the child.

In concluding his brief plaintiff says this court "should reverse the order denying plaintiff's motion to strike her [Mrs. Spangler's] name from the files and records." It does not appear that such an order was made in the court below, nor that such relief was within the scope of plaintiff's notice of motion. There is therefore nothing in this respect for this court to pass upon.

The order entered August 7, 1951, denying plaintiff's motion to set aside and vacate the order of December 16, 1949, is affirmed.

Moore, P. J., and McComb, J., concurred.