**Barbara Rich NEUSTAEDTER (now Barbara Simon) (Plaintiff), Appellant,**

v.

**Helmut J. NEUSTAEDTER (Defendant), Respondent.**

No. 29760.

St. Louis Court of Appeals.

Missouri.

Sept. 4, 1957.

Adolph K. Schwartz, St. Louis, Chapman, Schwartz & Chapman, St. Louis, of counsel, for appellant.

Hal A. Hamilton, St. Louis, for respondent.

RUDDY, Presiding Judge.

This is an appeal by the mother of a minor child from an order modifying a divorce decree with respect to provisions for the temporary custody of the child. We shall refer to the parties as plaintiff and defendant.

A petition for divorce was filed on July 3, 1951, by the plaintiff (appellant) in which she alleged she was married to the defendant (respondent) on the 27th day of June, 1948, and that there was one child born of the marriage on November 7, 1949, named Randall James.

On July 23, 1951, a decree of divorce was entered in favor of plaintiff. The decree awarded the care, custody and control of Randall James, the minor child of the parties, to the plaintiff until the further order of the court. Plaintiff was awarded the sum of $40 per month for the support and maintenance of said minor child and the defendant was awarded temporary custody of said minor child for thirty days a year after said child became three years of age.

Thereafter, on September 19, 1955, defendant filed a motion to modify the decree of divorce with respect to the custody of the minor child. In his motion he alleged that his former wife had remarried and was now Barbara Simon and that he had remarried and was permanently residing in Denver, Colorado. He asked that he be granted temporary custody of said minor child during the month of July of each year and that he be permitted to have said custody at his home in the city of Denver, Colorado. He also asked that his parents be allowed the right of visitation with said minor child.

Plaintiff filed a counter-motion to modify the decree of divorce with respect to the support and custody provisions of the minor child. In her counter-motion she asked to have the support and maintenance of the child increased from $40 per month to $125 per month. She also asked that the right of temporary custody be denied the defendant, alleging that the permanent residence

of the defendant in Denver, Colorado, was not a good environment for the child and that defendant's recent visits with the child have been disturbing to the child.

The trial court after a hearing entered its order modifying the decree of divorce. The part of the order modifying the decree of divorce relevant to the issues presented by plaintiff in this appeal is as follows:

"* * * the defendant shall have temporary custody of minor child, Randall James, on alternate Sundays, between the hours of 10:00 A.M. and 6:00 P.M., and when unable to exercise this privilege the paternal grandparents, Mr. and Mrs. Aescher Neustaedter, are to have the custody during the same period, and defendant shall have the further temporary custody of said minor child during the month of July of each year and is not permitted to take the child out of the State except with the approval of the Court, until the further order of the Court."

The court further ordered the defendant to pay the plaintiff the sum of $50 per month for the support and maintenance of the said minor child. Defendant did not appeal.

■ The only point raised by plaintiff is that the trial court erred in modifying the decree of divorce by awarding temporary custody of the child to the paternal grandparents when the father of the child is unable to exercise his privilege of temporary custody on alternate Sundays. It is the contention of the plaintiff that the court erred in this respect because there was no showing that she was not a fit mother or that the welfare of the child demanded that the said grandparents have temporary custody on the Sundays defendant was unable to exercise his privilege of temporary custody.

At the threshold of this controversy we are faced with the contention made by the defendant that the alleged error relied on by the plaintiff was not presented to the trial court in her motion for new trial (citing the provisions of Supreme Court Rule 3.23, 42 V.A.M.S., and Section 512.160 RSMo 1949, V.A.M.S.) and, therefore, plaintiff's point should not be considered by this court. This contention must be ruled against the defendant.

■ Plaintiff's motion for new trial complains about the order and judgment of modification as made and clearly charges that the defendant failed to prove any change of circumstance or condition which would authorize the order made by the court and said motion also charges that the defendant failed to prove that the order as made was for the best interest of the minor child. We think the motion for new trial adequately preserved for appeal the point relied on by the plaintiff. However, there is another answer to the contention of defendant to be found in the case of Montgomery v. Montgomery, Mo.App., 257 S.W. 2d 189, involving a proceeding to modify a decree of divorce, wherein we held, pursuant to the provisions of Section 144(d) of the New Civil Code, Laws of Missouri 1943, page 388, now Section 510.310, subd. 4, RS Mo 1949, V.A.M.S., applicable to cases tried upon facts without a jury, that questions of the sufficiency of the evidence to support the judgment in cases tried as provided by the aforesaid section may be reviewed on appeal even though appellant failed to file a motion for new trial. The sole point presented by the appellant in the instant appeal attacks the sufficiency of the evidence to sustain the order awarding temporary custody of the child to the paternal grandparents. This is an additional reason why the contention of the defendant must be overruled.

The sole controversy that remains, as stated heretofore, is whether or not the trial court under the evidence had the right to award temporary custody privileges to the paternal grandparents. In disposing of this question we must keep in mind some well recognized principles of law that govern proceedings that have for their purpose the modification of a decree of divorce.

■■ It is our duty to review the whole record and we must decide this case on its merits, having uppermost in mind the predominant rule that the best interests of the child must be served. Wilson v. Wilson, Mo.App., 260 S.W.2d 770; Hurley v. Hurley, Mo.App., 284 S.W.2d 72. Also, we must be mindful that defendant had the duty to show changed circumstances and conditions since the original decree of divorce was entered which, in the best interests of the minor child, required the original decree to be modified, Wilson v. Wilson, supra; Hurley v. Hurley, supra.

■■ We think it pertinent to point out that only the original parties to the divorce suit are proper parties to a motion to modify a decree of divorce, and no other person, even a grandparent, can properly litigate a modification of a divorce decree. Wilson v. Wilson, supra; Schumacher v. Schumacher, Mo.App., 223 S.W.2d 841; Tines v. Tines, Mo.App., 216 S.W. 563. We held in the Schumacher case that a divorce proceeding, with all its incidents, is personal to the two spouses, and that the court retains jurisdiction over a minor child for the purpose of settling the right of custody as between the claims of the child's parents.

■■ While the welfare of the child is the paramount concern in child custody proceedings, it is presumed under the law, until otherwise shown, that it is to the best interest of the child to be in the custody of one of his parents. With such prevailing presumption, a showing against the parent must be made, or there must be some special or extraordinary reason why such custody should not be in the parent. State ex rel. Crockett v. Ellison, 271 Mo. 416, 196 S.W. 1140; Madigan v. Madigan, Mo.App., 260 S.W. 485; Vance v. Vance, Mo.App., 203 S.W.2d 899; Tuter v. Tuter, Mo.App., 120 S.W.2d 203. All of the aforesaid cases hold that, absent a showing of unfitness, a parent's claim to the custody of a child must prevail over the claims of all other persons. To the same effect see Wilson v.

Wilson, supra, and Abel v. Ingram, 223 Mo. App. 1087, 24 S.W.2d 1048.

There is no charge by the defendant that since the decree of divorce was granted plaintiff has become unfit to have custody of her child. To the contrary, is the testimony of the defendant, who, when asked if he had any complaint about the way his former wife was raising the child, answered, "If I did I would try to get custody of him. I have never said she was an unfit mother." This answer of the defendant disposes of the question of the plaintiff's fitness.

The only question remaining is whether the record shows the existence of any special or extraordinary reason for awarding temporary custody to the paternal grandparents on the Sundays defendant is unable to exercise his privilege of temporary custody. This reason must be shown to have its foundation in some change of circumstance or condition that has occurred since the rendition of the decree of divorce.

■ The testimony that is relevant to the issue under scrutiny discloses that the defendant shortly after the divorce in 1951 entered the United States Army and since that time has made his home in Denver, Colorado. He remarried on September 7, 1951, at Canton, Ohio, and has two small children by this marriage. It will be observed that the second marriage took place out of this state approximately one and one-half months after the divorce. Since the entry of defendant in the Army he has not resided in the State of Missouri. He testified that for some years he has asked the plaintiff to permit him to take the boy to his home and each time she refused. He obviously meant the home of his parents, because he later testified he had not intended to take the child to Denver, Colorado. Plaintiff testified that she never did refuse defendant the right to visit with the child in St. Louis. Defendant further testified that he was never allowed to take the child overnight, although he later testified that on one occasion he notified plaintiff a month in

advance that he would be in St. Louis for a week and that on this occasion he got to see the child three or four days and had the child overnight several times.

Most of the testimony of the defendant concerned his effort to obtain an order from the trial court to permit him to take the child to his home in Denver, Colorado, on the occasions when defendant had temporary custody. The paternal grandparents of the minor child did not testify. Defendant's testimony in connection with his effort to have the court authorize visits of the child to the grandparents was very meager. He complained that the boy had not visited the paternal grandparents as often as they wanted. However, the plaintiff testified that the paternal grandparents visited the child often and that they were welcome in her home at any time. She did testify that she refused the grandparents the privilege of having the boy overnight, but that she did not refuse the privilege during the day, unless some of her plans interfered. When defendant was asked on cross examination if he was complaining because his parents did not get to see the boy, he answered, "I have no right to complain about them not seeing him, but I am." He further testified that he thought if the boy was permitted to visit the paternal grandparents once a week it would be an answer to the problem created by the inability to get his former wife to agree to permit the boy to be taken to Denver, Colorado, on the occasions when defendant was granted temporary custody. In irreconcilable conflict with his motion is some of the testimony given by the defendant during cross-examination, when he gave the following answers to the following questions·

"Q. I am trying to make out if he is making a proposal for the child to visit the grandparents once a week? A. No.

"Q. You are now withdrawing that proposal? A. I didn't make any such proposal in the first place."

We have examined the record carefully and find nothing that would support a special or extraordinary reason for granting temporary custody or visitation privileges to the paternal grandparents. No changed circumstances or conditions were shown to have taken place since the original decree of divorce was rendered, which, in the best interests of the minor child, require modification of the original decree granting temporary custody privileges to the paternal grandparents.

Defendant admits that he has been unable to find any Missouri case closely in point but has cited several cases from other jurisdictions. Of course, these cases from other jurisdictions must be reviewed in the light of the statutes existing in the respective states and in the light of the policy announced in Missouri cases that a special and extraordinary reason must be present before custody is taken away from the mother and given to the grandparents. However, aside from the possible difference in the statutory requirements, other differences between the instant case and cases cited by the defendant are apparent.

In the case of Solomon v. Solomon, 319 Ill.App. 618, 49 N.E.2d 807, the paternal grandparents were granted temporary custody of the minor child because the father of the child was in the Army and was involuntarily removed from access to his child, and he had stated that the only contact he was able to have with the child was through his parents.

In the case of Scott v. Scott, 154 Ga. 659, 115 S.E. 2, the Supreme Court of Georgia approved an order of the trial court which provided that the father of the child involved and the paternal grandparents should be entitled to have the child visit with them twice a month. The Supreme Court of Georgia held that this was proper as a means of access to the child by the father, citing from 9 R.C.L., section 288.

In the case of Benner v. Benner, 113 Cal. App.2d 531, 248 P.2d 425, the visitation priv-

ileges granted to the grandparents had been ordered pursuant to a stipulation signed by the parents of the child, and the court held that it was for the best interests and welfare of the child that these visitation privileges be granted because the child had lived with the grandmother for three years before the child's father came into custody. The facts show that the child's mother who had died, resided with her mother, the grandparent of the minor child, previous to her death.

In the case of Minge v. Minge, Ark., 289 S.W.2d 189, the court did not rule on the provisions of the order granting custody to the grandparents.

We think the policy stated in the Missouri cases that a special and extraordinary reason must be present in order to authorize custody in persons other than the parents of the child is sound. Shunting a child from mother to father, and to grandparents, is not a stable procedure and is likely to create dissatisfaction and instability in the child. Such a procedure does not serve the best interests and welfare of the child. When parents seek the jurisdiction of a court to divorce the bonds of matrimony, it is inevitable, if the divorce is granted, that the parents will live apart thereafter. It is impossible for the court to order custody in such a manner as to completely assuage grief and sorrow on the part of parents and others interested in the child. The affection of grandparents for a child is understood by this court, but it is not the right of the court, through custody privileges, to gratify the loving interest possessed by grandparents for their grandchildren. It is the hope of this court that, despite its refusal to approve the order conferring temporary custody privileges in the paternal grandparents, the mother of the minor child involved will understand that the best interests of the child will be served if she will permit the paternal grandparents to see the child and thus promote the affection and love that seems to exist between the grandparents and the child.

We rule that the trial court erred in allowing temporary custody to the grandparents when the defendant is unable to exercise his privilege of temporary custody on alternate Sundays between the hours of 10:00 A.M. and 6:00 P.M.

 Plaintiff in her brief has asked this court to make an order allowing her suit money and attorney's fees incident to the prosecution of her appeal. We held in the case of McCormack v. McCormack, Mo. App.,.238 S.W.2d 858, that we did not have jurisdiction to make such award. The request of plaintiff for this allowance is denied.

The judgment is reversed and the cause is remanded with directions to the trial court to enter a judgment in accordance with the views expressed herein.

MATTHES and ANDERSON, JJ., concur.