[Civ. No. 46044. Second Dist., Div. Four. Sept. 2, 1975.]

In re the Marriage of SHIRLEY and DENNIS MEIER.
JOYCE VAN HOVE et al., Appellants, v.
SHIRLEY MEIER et al., Respondents.

**COUNSEL**

Jerome V. Posell for Appellants.

Tom Waite for Respondents.

**OPINION**

**KINGSLEY, J.**—This is an appeal from an order of the superior court denying a petition by the maternal grandparents of a minor child to be

permitted to join as parties in a dissolution proceeding for the purpose of securing an order granting them rights of visitation with the child.[1] For the reasons set forth below, we affirm the order.

On July 16, 1970, a final decree of dissolution was entered in this proceeding which decree incorporated the provisions of an interlocutory decree entered on March 9, 1970. By the terms of those decrees, custody of the minor child of the parties, then one and one-half years old, was granted to the mother with visitation rights in the father. On July 10, 1974, the maternal grandparents filed their petition for joinder, accompanied by their petition for visitation rights. Opposition to the petitions was filed by the mother. After a hearing in chambers (not reported) the trial court denied the petition for joinder and, therefore, did not reach and did not decide the petition for visitation rights.

## I

Prior to the effective date of the Family Law Act, no statute provided for visitation rights in anyone other than the father and mother, except for the provision in section 197.5 of the Civil Code which permitted visitation orders in favor of grandparents in cases where the grandparents' child was deceased. That provision, still in force, obviously is inapplicable in this case, where there is no showing that either parent is not alive. In two California cases,[2] both involving orders made prior to the Family Law Act, orders granting grandparents rights of visitation were upheld where they were based on stipulations of the parents. No such stipulation is alleged or shown in the case at bench.

The Family Law Act now provides (in § 4601 of the Civ. Code), as follows:

"Reasonable visitation rights shall be awarded to a parent unless it is shown that such visitation would be detrimental to the best interests of the child. In the discretion of the court, reasonable visitation rights may be granted to any other person having an interest in the welfare of the child."

We are not cited to any cases, and we have found none, that construe or apply section 4601.

---

[1] An order denying intervention is appealable. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 736 [97 Cal.Rptr. 385, 488 P.2d 953].)

[2] *Bookstein* v. *Bookstein* (1970) 7 Cal.App.3d 219 [86 Cal.Rptr. 495] and *Benner* v. *Benner* (1952) 113 Cal.App.2d 531 [248 P.2d 425]; see, also: *Kentera* v. *Kentera* (1944) 66 Cal.App.2d 373 [152 P.2d 238].

However, section 4601 does not stand alone. The subject of joinder is covered by rules 1250-1255, California Rules of Court. As it read at the time of the proceedings below, rule 1252 listed the persons who may seek joinder as follows:

"(a) The petitioner or the respondent may apply to the court for an order joining a person as a party to the proceeding who has or claims custody or physical control of any of the minor children of the marriage or who has in his possession or control or claims to own any property subject to the jurisdiction of the court in the proceeding.

"(b) A person who has or claims custody or physical control of any of the minor children of the marriage may apply to the court for an order joining him as a party to the proceeding.

"(c) A person served with an order temporarily restraining the use of property in his possession or control or which he claims to own or affecting the custody of minor children of the marriage may apply to the court for an order joining him as a party to the proceeding."

Obviously neither subdivision (a) nor subdivision (c) of rule 1252 gives these petitioners any standing to seek joinder. At oral argument, counsel suggested that the language ("a person who . . . claims . . . physical control") in subdivision (b) authorizes the joinder here sought. We do not agree. We construe the quoted language in subdivision (b) as applicable only to persons who, although not claiming a right to legal "custody" in the technical definition of that word, do claim a right to some kind of control over the child of a more permanent nature than simple visitation.[3]

## II

In addition to the bar imposed on petitioners by rule 1252, the record before us discloses a fatal procedural defect, namely the absence of any proof that notice of the petition had ever been served on the minor's father, who had appeared in the action. A parent may accept a judicial order placing custody of a minor in one parent with visitation rights in the other parent; but that parent may well object to an order which both divides the child's time and attention among three or more persons and which may interject into the child's life a visitor of whom he

---

[3]We note that, by an amendment to rule 1252 effective as of July 1, 1975, persons in the status of these petitioners now have standing to petition for joinder.

disapproves. We conclude that any person authorized by rule 1252 to seek joinder must give a reasonable notice to a noncustodial parent, who has appeared in the action.

The order appealed from is affirmed.

Files, P. J., and Dunn, J., concurring.