**Sandra Lee HAMILTON, Appellant,**

v.

**Rockey Allen HAMILTON, et al., Respondents.**

No. 42754.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 16, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied Nov. 10, 1981.

considering the procedural stance of this case and that the Prospectus and disclosure issues

Anthony L. Anderson, Anderson, Preuss & Zwibelman, Clayton, for appellant.

REINHARD, Judge.

This case involves an appeal by wife from a second amended dissolution decree which awarded to the paternal grandparents the right of weekend visitation with their minor grandchild.

The parties were married on November 19, 1977 and a son was born of the marriage the next year. On February 6, 1979, wife, by and through her father, as next friend, filed a petition for dissolution of marriage. A number of motions were filed, including a motion by the paternal grandparents who had intervened to request temporary custody of the child at certain designated times. On October 4, 1979, a hearing was held on this motion at which time the court granted temporary visitation to the paternal grandparents. A final hearing on the dissolution of marriage was held on November 29, 1979. The court announced its judgment from the bench and included therein the following order:

> The Court awards temporary visitation to the paternal grandparents in accordance with the statute on the 1st and 3rd Saturday of each and every month from 10:00 a.m. on that Saturday until 6:00 p.m. on that Saturday. During the visitation period the paternal grandparents are hereby permitted to remove the child from the custodial home . . . .

On November 30, 1979, the circuit judge signed and sent to the attorneys of the parties the following memorandum:

are not properly before us.

NOW ON THIS 30 day of Nov., 1979, the Court does amend that portion of the Decree issued November 29, 1979, in the above entitled cause stating:

'The Court awards temporary visitation to the Paternal Grandparents Hamilton on the 1st and 3rd Saturday of each and every month at 10:00 A.M. to 6:00 P.M. on Saturday,'

to read:

The Court awards visitation with the child to the Paternal Grandparents Hamilton on the 1st and 3rd weekend of each and every month from 10:00 A.M. Saturday to 5:00 P.M. Sunday.

Wife complains that the court had no jurisdiction to amend the dissolution decree without giving her prior notice and an opportunity to be heard. She relies on *Caldwell Paint Mfg. Co. v. LeBeau*, 591 S.W.2d 1 (Mo.App. 1979). There, the court in a default judgment case stated:

It is settled law in this State that although the trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify said judgment for good cause within that period of time, Rule 75.01, the power and jurisdiction to do so is subject to the qualification that the party to be adversely affected be given reasonable notice and an opportunity to be heard on the factors inducing the court's intended action.

*Id.* at 6.

Wife's complaint is without merit. Subsequent to the court's issuance of its memorandum order amending the dissolution decree, wife filed a motion for a new trial, or for an order amending the amended decree. A hearing was held on the motion and subsequently, at a time while the court still retained jurisdiction over the case, it entered a second amended decree which contained the weekend visitation order. As a part of this entry appears a separate order overruling wife's motion.

Clearly, the second amended decree from which wife appeals is one in which she had notice and an opportunity to be heard prior to final entry.

Wife's second and principal complaint concerns § 452.400(3), RSMo 1978, under which the court awarded visitation rights to the paternal grandparents. Wife argues that the word "visitation," as used in this subsection, does not permit the court, upon substantial evidence, to award to the grandparents the right to remove a child from the custodial home or presence of the custodial parent, for a period extending overnight. Wife further argues that the court's award to the grandparents of visitation rights was actually an award of temporary custody which is beyond the purview of the statute.

Section 452.400, RSMo 1978, states:

1. A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his emotional development.

2. The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development.

3. The court may grant reasonable visitation rights to either the maternal or paternal grandparents of the child and issue any necessary orders to enforce the decree.

Prior to 1977, § 452.400 contained only the first two subsections. In 1977, the statute was repealed by the Missouri General Assembly and a new § 452.400 was enacted in its present form.

We need not review the evidence in this case for there is no contention here that the award is not supported by substantial evidence. Nor is it necessary for us to review all the cases in which the courts have used the terms "reasonable visitation" and "temporary custody" in various contexts. In *Barry v. Barrale*, 598 S.W.2d 574 (Mo.App. 1980), our Kansas City brethren were

presented with this issue in determining the meaning of reasonable visitation rights as applied to § 452.402, RSMo 1978. This statute, which provides for the visitation rights of grandparents when one parent is deceased, was enacted by the General Assembly in 1977 as Section 2 of the same bill in which § 452.400 was enacted.

Section 452.402, RSMo 1978 states:

Whenever one parent of a child is deceased and the surviving parent denies reasonable visitation rights to a maternal or paternal grandparent of the child, the grandparent may petition the juvenile court of the county where the child resides to inquire into the refusal of the surviving parent to allow reasonable visitation. The court shall take jurisdiction over the child and hold a hearing under the same procedure as a hearing under chapter 211, RSMo, to determine if the visitation by the grandparent would be in the child's best interests or if it would endanger the child's physical health or impair his emotional development. At the conclusion of the hearing, the juvenile court may grant or deny reasonable visitation rights to the grandparent and issue any necessary orders to enforce the decree.

In *Barry*, the paternal grandparents sought access to their grandchild by court order under § 452.402, RSMo 1978, after the father had died and relations between the mother and grandparents had deteriorated. The court awarded "temporary custody" of the children to the paternal grandparents once each month from 9:00 a.m. on Saturday until 7:45 p.m. on Sunday. On appeal, the mother asserted that § 452.402, RSMo, 1978, included no provision for an award of custody, only a provision for rights of visitation. The court determined that "custody" and "visitation" were not the same, and struck from the order the word "custody" and substituted therefor the word "visitation." The court tailored an order which provided that:

That such visitation shall be conducted from the hour of 9:00 a.m. on the third Saturday of each month to the hour of 7:45 p.m. on the third Sunday of each month out of the presence of defendant [mother] and at such place or places as plaintiffs [paternal grandparents] may from time to time and in advance designate, . . . .

*Id.* at 582.

The order complained of here is similar to the order fashioned by the court in *Barry*. We believe that the term "reasonable visitation rights" has the same meaning and effect whether it applies to grandparents of a child whose parent is deceased, or to a dissolution proceeding. The logic and ruling of *Barry* are controlling here and the court's order is not improper on its face, as wife contends.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.