In Re the Marriage of Linda K.
LEIMER, Appellant,

v.

David K. LEIMER, Respondent.

No. 46996.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 9, 1984.

Walter S. Drusch, Cape Girardeau, for appellant.

Peter L. Statler, Jackson, for respondent.

CRANDALL, Judge.

Appellant Linda Leimer and respondent David Leimer (hereafter mother and father, respectively) are ex-spouses and the parents of two young children who are the focus of this proceeding to modify, for the third time in two years, the parties' dissolution of marriage decree. The mother appeals from the trial court's order that (1) gave the father physical custody of both children during the three summer vacation months; (2) modified the previously ordered parental visitation schedule; and (3) reduced the father's weekly child support obligation from $25 per child to $15 per child, and to $5 per child per week while the father has custody during the summer months. The mother also assigns error to the trial court's failure to order a wage assignment under § 452.350, RSMo (Supp.

1982). However, as the record fails to show that the *wage assignment issue was raised* in the trial court, the issue is not amenable to appellate review. *See* Rule 78.09; *Jones v. Jones,* 658 S.W.2d 483, 488 (Mo.App.1983).

We affirm the ordered reduction in the father's child support payments, except for the reduction to $5 per child per week ordered for the summer months. That further reduction is vacated, as are those portions of the order modifying child custody and "visitation," and this cause is remanded for further proceedings.

Upon dissolution of the parties' marriage in January 1981, the mother was given primary custody of their two children, then one and two years of age, and the father's visitation was scheduled for Saturday afternoons. A "Supplemental Decree" entered in June 1981 modified the dissolution decree's custody and visitation provisions to the extent of giving the father temporary physical custody of both children during the morning as well as the afternoon on alternating Saturdays at father's parents' home and also giving him temporary physical custody (again at father's parents' home) during the afternoons of Thanksgiving and Christmas Day. Yet another modification was ordered following a hearing in January 1982 on the father's motion to modify, changing the site for the father's temporary custody on alternate Saturday afternoons from the father's parents' house to father's house. The order made on the January 1982 hearing was entered the following September and was followed barely two weeks later by still another motion to modify that culminated in the order from which the mother appeals.

■ Concerning the child support reduction, § 452.370, RSMo (Supp.1982) provides, in pertinent part:

1. * * * the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties * * * *

The father's evidence of "changed circumstances" centered on his unemployment during much of the Summer of 1982 when he involuntarily lost the job that he had held for nearly six years and at which he earned about $320 per week. He was re-employed full time by October 1982. After a raise he was earning $218 per week by the following December, when the hearing was held on his motion to modify. It also appeared that at the time of the hearing the mother was employed as a high school teacher and was residing with her parents, to whom she paid little or nothing as room and board for herself and the two children. The mother argues that the evidence fails to show the required "changed circumstances." But we held in *Hutcherson v. Hutcherson,* 553 S.W.2d 487, 488 (Mo.App. 1977) (decided under the "changed circumstances" requirement in our current statute's predecessor) that "[r]eduction of support awards is justified if the party owing support can show involuntary financial reverses or unemployment causing severe financial difficulty." *And see Nagel v. Nagel,* 561 S.W.2d 693 (Mo.App.1978), affirming a reduction in child support when a reduction in the obligor's monthly income was the *only* changed circumstance. Rather than recount all the evidence bearing on changes of the parties' circumstances, it is enough to say that the order reducing the father's weekly child support obligation from $25 to $15 per child is supported by both the evidence and the law and was not error. However, the further reduction to $5 per week per child during the summer months is vacated because it complements the change of custody order that cannot be sustained.

■ Concerning the trial court's modification of child custody and visitation, § 452.410, RSMo (1978) provides, so far as relevant here:

The court shall not modify a prior custody decree unless * * * it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Orders specifically to increase parental visitation must satisfy § 452.400.2, RSMo (Supp.1982): "The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child * * * * " Noting that the "prior decree" in this proceeding was entered barely two weeks prior to the time the father filed his motion to modify, the mother first argues that the evidence failed to show "that a change has occurred in the circumstances of the child or his custodian" during that two-week interval, and concludes that the trial court therefore erred in modifying the prior decree. However, § 452.410, RSMo (1978) also provides that a trial court may modify a custody decree on the basis of facts "that were unknown to the court at the time of the prior decree." *And see McFadden v. McFadden,* 509 S.W.2d 795, 799 (Mo.App. 1974). Under that latter proviso, the trial court could properly consider facts that had arisen since the hearing in January 1982 on the father's earlier motion to modify, and could reasonably have found that during that time the mother interfered with the father's exercise of his visitation rights. That alone, as we held in *Randle v. Randle,* 560 S.W.2d 876, 879 (Mo.App.1977), would constitute "a changed condition which may justify modification." *And see H____ v. H____,* 637 S.W.2d 432, 434 (Mo.App.1982); *Christianson v. Christianson,* 592 S.W.2d 505, 508 (Mo.App.1979). The mother's contention of no evidence of change of circumstances sufficient to justify modification of the custody decree is rejected.

■ The mother also contends the evidence fails to show that either the ordered change of physical custody during the summer or the ordered change in parental visitation was in the best interests of the children.[1] We agree.

Accepting § 452.375, RSMo (Supp.1982) as setting out indicia for determining whether a change of custody or in visitation is in a child's best interests, the record here is nearly devoid of evidence that would bear on determining the children's best interests.[2] The claims of parents conceivably might rise to the level of "wishes * * * as to [the children's] custody," § 452.375.–1.(1) *supra* n. 2. There was evidence both children were being treated medically for chronic minor infections, so there is some evidence of their "physical health," § 452.375.–1.(5) *supra* n. 2. Otherwise, the statutory "relevant factors" are not developed on this record, nor does it appear how the welfare of these young-

---

1. The trial court's order gave the father "temporary custody" of the children for the months of June, July and August each year, with the mother to have physical custody on every other weekend during those months from Friday afternoon to Sunday afternoon. The trial court also scheduled in meticulous detail the parties' physical custody of the children from the Thursday through Monday surrounding Easter; from the Wednesday through Saturday surrounding Thanksgiving; during the Christmas holidays, from December 23 through 27; during the Father's Day and Mother's Day weekends; during the parties' birthdays, and during the children's birthdays.

The order goes on to give the father physical custody of the children every other weekend during the remaining nine months of the year, from Friday afternoon to Sunday afternoon.

2. Section 452.375, RSMo (Supp.1982) provides:

—1. The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to his custody;

(2) The wishes of a child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community; and

(5) The mental and physical health of all individuals involved.

sters would be furthered by shuttling them back and forth between the parents' households. It seems apropos here to reaffirm our view in *Taylor v. Taylor,* 548 S.W.2d 866, 868 (Mo.App.1977) that

> generally speaking, except for good reason, a minor child 'should not be shifted periodically from one home to another.' * * * [I]t is 'unwise to transfer custody frequently and not at all unless it is demonstrated by a preponderance of the evidence that the continued well-being of the child requires a change.'

To the same effect *see Stockton v. Stockton,* 459 S.W.2d 532, 535 (Mo.App.1970). No such demonstration was made here.

We conclude that the provisions in the trial court's order that modify its prior provisions for the physical custody of these children are not supported by substantial evidence and must be set aside. Rule 73.-01(c). Also, as noted earlier, the ordered reduction in child support for the summer months must be set aside. In all other respects, the order is affirmed. This cause is *remanded for entry of an order* consistent with this opinion.

Affirmed in part; vacated in part and remanded.

DOWD, C.J., and KAROHL, J., concur.