**Kristy L. KESLER, Appellant,**

v.

**Robert E. KESLER, Respondent.**

No. 48036.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Robert R. Young, Timothy S. Murphy, St. Louis, for appellant.

James J. Knappenberger, Clayton, for respondent.

REINHARD, Chief Judge.

Wife appeals from a decree of dissolution challenging only a provision of the decree relating to the temporary custody of the minor child.

The parties had a marriage of short duration. There was one child born of the marriage, Jonathan. At the time of the hearing he was 8 months old. He was born premature and spent several weeks in the hospital. He underwent surgery in March, 1983 and may need another operation. According to his mother he was allergic to certain clothing, fabrics and food and required a special diet and clothing.

██ Husband, at the time of the hearing was a private in the army stationed in Tennessee. In April, 1984, he was due to be transferred to an army post in West Germany.[1] Husband testified that if granted temporary custody he would come to St. Louis on weekends and take the child to his mother's house in Union. He agreed to follow any instructions given by the wife concerning formula, medication, diapers and clothing. The home in Union had everything a baby needed including a play pen, crib, and swing.

After hearing the evidence, the trial court dissolved the marriage, set aside separate property to the parties, awarded the marital property, awarded custody of Jonathan to wife with an award of child support, and awarded temporary custody of Jonathan to husband from 10:00 a.m. Saturday to 5:00 p.m. Sunday on alternate weekends. The court further decreed that "[o]n weekends when [husband] is unable to be in St. Louis County temporary custo-

---

1. In April, 1984, husband was, in fact, transferred to Germany. In July, 1984, husband filed a motion to stay the proceedings in this court pending his return, pursuant to the Soldiers and Sailors Civil Relief Act, 50 U.S.C.A.App. § 521. This provides for a stay of proceedings in any court unless, "in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." At the time the motion was filed, the record on appeal was complete and all briefs were filed. Husband's presence for oral argument was unnecessary. We have concluded the ability of husband to prosecute this appeal, as would be true in most every appeal, was not materially affected by his military service. *Briner v. Briner*, 60 Cal.App.2d 473, 140 P.2d 995 (1943). Motion denied.

dy rights shall be exercised by the child's paternal grandmother."

We note that the grandmother was not a party to this proceeding and neither filed a motion to intervene, testified or presented any evidence. Husband made no request that his mother exercise his rights in his absence. On appeal, wife contends that the provision of the decree allowing the husband's mother to exercise husband's temporary custody rights was error.

Section 452.400.3, RSMo.Supp.1983, provides:

The court may grant reasonable visitation rights to either the maternal or paternal grandparents of the child and issue any necessary orders to enforce the decree. A maternal or paternal grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights; the grandparents shall also have the right to file a motion to modify the original decree to seek visitation rights when visitation rights have been denied to them. The court shall determine if the visitation by the grandparent would be in the child's best interest or if it would endanger the child's physical health or impair his emotional development.

In *Hamilton v. Hamilton*, 622 S.W.2d 252, 253 (Mo.App.1981), paternal grandparents filed a motion to intervene in a dissolution proceeding and requested visitation rights pursuant to Section 452.400, RSMo. 1978. A hearing on grandparents' motion was held and a provision awarding them

visitation on the 1st and 3rd weekend of every month from 10:00 A.M. Saturday to 5:00 P.M. Sunday was included within the dissolution decree. This court, citing *Barry v. Barrale*, 598 S.W.2d 574 (Mo.App. 1980), held the visitation provision was proper. In *Barry*, the trial court granted temporary custody of the two children to grandparents once each month from 9:00 a.m. Saturday to 7:45 p.m. on Sundays. The Western District held the trial court could not grant grandparents "temporary custody" pursuant to Section 452.402 which only authorized grandparent visitation. However, the court stated that, "[w]e are inclined to the view that the trial court did not intend by use of the word 'custody' any broader rights than the visitation authorized by the statute" and it modified the order to provide for the same terms of visitation to the grandparents as had the order which referred to "temporary custody." 598 S.W.2d at 581.

■ In a proceeding under Section 452.-400.3, grandparents must intervene, request visitation and present evidence so that the trial court may determine whether visitation by the grandparent would be in the child's best interest or if it would endanger the child's physical health or impair his emotional development. While there was no evidence that grandmother was an unfit custodian, there was scant evidence presented as to the suitability of grandmother or her home to support a visitation award. Moreover she was not a party and had made no request for visitation.[2]

2. Our research has revealed the case of *Neustaedter v. Neustaedter*, 305 S.W.2d 40 (Mo.App. 1957) decided before the enactment of the new Dissolution Act and the grandparent visitation statutes. In *Neustaedter*, the order was almost identical to the one under review here, as it awarded husband temporary custody of the minor child on alternate Sundays, "and when unable to exercise this privilege the paternal grandparents ... are to have the custody during the same period." 305 S.W.2d at 42. This court held that an award of temporary custody to the grandparents could only be upheld when there was a showing of special or extraordinary circumstances, but found no such special or extraordinary circumstances. The court cited *Solomon v. Solomon*, 319 Ill.App. 618, 49 N.E.2d 807

(1943) in which paternal grandparents were granted temporary custody because the father of the child was in the army and was involuntarily removed from access to his child when assigned to active duty. Father stated the only contact he was able to have with the child was through his parents and expressly requested the temporary custody arrangement. The Illinois court held that it would be proper to allow grandparents temporary custody under those circumstances, but reversed and remanded the case to allow wife to present evidence that grandparents were unfit custodians. In the case at bar, we need not resolve whether the rule announced in *Neustaedter* is sound in light of the new Dissolution Act and the grandparent visitation statute. Even if *Neustaedter* is sound

█ We have concluded that the trial court erred in allowing grandmother to exercise temporary custody of Jonathan. We reverse and remand this case to the trial court to allow grandmother 30 days in which to file a motion to intervene, pursuant to § 452.400.3. If she does so and, after holding a hearing at which the trial court shall determine if the visitation by the grandparent would be in the best interests of the child, the court may fashion an appropriate order of visitation. In all other respects the decree is affirmed.

CRIST and KAROHL, JJ., concur.

it is of no help to father because there was neither a request by husband nor grandmother for this custody arrangement and scant evidence of the suitability of either grandmother or her home.