**Sue Ann Christina FLOREA,**
**Plaintiff-Appellant,**

v.

**James Delbert FLOREA,**
**Defendant-Respondent.**

No. 47895.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 22, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

M.C. Sleater, Clayton, for plaintiff-appellant.

Donald Heck, Clayton, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

On October 31, 1977, a decree of dissolution of the marriage was entered, granting appellant custody of the minor child. In October, 1982, respondent filed a motion to modify, requesting custody of the minor child. The trial court sustained the motion to modify and transferred custody. We affirm.

Appellant, Sue Ann Christina Florea, raises one point on appeal. Appellant contends there was no substantial evidence to support the modification and transfer of custody of the minor child, Leo James William Florea (Jimmy), to respondent, James Delbert Florea.

In resolving this issue, we look to the best interests of the child pursuant to the statutory "relevant factors" specified in Section 452.375 RSMo (Supp.1982). *Leimer v. Leimer*, 670 S.W.2d 571 (Mo. App.1984). The relevant factors are:

(1) The wishes of the child's parents as to his custody;

(2) The wishes of a child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school and community;

(5) The mental and physical health of all individuals involved; and

(6) The needs of the child for a continuing relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child.

The evidence taken in light most favorable to respondent supports the trial court's findings. The evidence shows that respondent exercised his temporary custody rights as often as possible. Additionally, respondent expressed a sincere desire for custody of his son. Further, between 1978 and 1982, appellant has consistently moved her family. The evidence adduced at the hearing revealed no less than seven changes of address during this time period. Gene Schultze, principle of Combs School in the Ferguson-Florissant School District, testified that if children do move consistently, it has a negative impact on their educational career. The trial court, after hearing the evidence and observing the witnesses determined that it was in the best interest of the minor child if custody was transferred to respondent. The evidence supports this finding.

Appellant, in conjunction with her previous argument, argues that the court's findings did not constitute sufficient or significant changed circumstances as to justify a change of custody. The trial court found:

That the petitioner's having changed her place of residence ten times since the entry of the decree of dissolution; having taken the minor child from the State of Missouri without prior consent of the court or notice to respondent; having placed minor child in four or five different schools; and having lived with a man, not her husband, and the minor child for four years constitutes a sufficient change in the circumstances of both the minor child and of custodian of the minor child to warrant a change in custody and that said modification is necessary to serve the best interest of the minor child.

A move, while only one factor which may be considered in determining what is in the best interest of a child, can be a decisive factor when the move wrenches the child from the security of association with the non-custodial parent. *Knoblauch v. Jones*, 613 S.W.2d 161 (Mo.App.1981). The trial court specifically found that appellant removed Jimmy from the state without notice to respondent.

Additionally, it is generally accepted that adultery, standing alone, does not re-

quire ipso facto a change of custody of children from one parent to the other. *In Re Marriage of F,* 602 S.W.2d 227 (Mo. App.1980). However, in the case at bar, appellant's habitation was not the only changed circumstance found by the court. Appellant's action in placing Jimmy in four or five different schools played a role in the trial court's decision to transfer custody. The trial court did not err in modifying and transferring custody.

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.