**Linda LEIMER, Plaintiff-Appellant,**

v.

**David LEIMER, Defendant-Respondent.**

**No. 50946.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1986.

---

Rebecca McDowell Cook, Cape Girardeau, for plaintiff-appellant.

Peter L. Statler, Jackson, for defendant-respondent.

KAROHL, Presiding Judge.

Mother appeals October 1985 modification of dissolution decree. Her appeal contests modification of temporary custody so as to grant father overnight temporary custody and his parents visitation with the two children of the parties, Christopher, age 6, and Caroline, age 5. She also contests a provision authorizing father's present wife to pick up the children when necessary, and in the absence of father, and a requirement that she pay one-half of guardian ad litem fees. We affirm the order of modification in all respects except the award of visitation to grandparents for there was no pleading requesting relief on their behalf and there was no evidence to support the provision.

Appellant mother and respondent father were first married in June 1978. That marriage was dissolved in January 1979. They remarried in June 1979 and that marriage ended in dissolution in January 1981. Two children were born of the marriages, Christopher and Caroline. Since the last dissolu-

tion the parties have been continuously involved in modifications of the dissolution decree with regard to temporary custody and visitation of the children and their support. Some of the history will be found in our opinion in *Leimer v. Leimer*, 670 S.W.2d 571 (Mo.App.1984) and need not be repeated here.

The present dispute began with father's motion to modify filed in October 1984. He alleged that the advanced age of the children and their need to spend more time with him was a change in circumstance after December 1982 justifying an increase in his allotment of temporary custody. Mother filed a cross-motion to modify requesting increased child support from the amounts affirmed in the previous appeal. The court granted mother's motion to modify by increasing the award of child support. Father has not appealed that award.

Mother appeals on four claims of error which we consider in order.

First, she claims "The court's award of specific visitation for entire weekends and two weeks in the summer is an abuse of discretion as there are no facts which show that the modification is necessary to serve the children's best interests." Section 452.-410 RSMo 1978 authorizes modification of a custody decree on the basis of facts that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. This claim of error does not contest change of circumstances. It claims only that the evidence failed to support a finding that the modification was necessary to serve the best interests of the children. We review and will reverse on this issue only if the judgment is not supported by substantial evidence or erroneously declares or applies the law. *In re Marriage of Scobee*, 667 S.W.2d 467, 468 (Mo.App.1984).

At the time of the last modification in December 1982 the father was permitted temporary custody during daylight hours only. He had temporary custody from 9:00 a.m. to 4:00 p.m. on Saturday and from 1:00 to 4:00 p.m. on Sunday on alternate weekends and similar hours on Thanksgiving and Christmas Day. Under the present modification order, he will have temporary custody from 6:00 p.m. on Friday to 4:00 p.m. on Sunday on the first and third weekends of each month, from December 27 to December 31 of each year, and the second and third full weeks of July of each year. In addition to the increase in the age of the children the court heard evidence that father remarried in April 1983. The guardian ad litem concluded that there was no reason to restrict visitation to exclude overnight temporary custody or two weeks in the summer. He was impressed by the quality of the father's home with regard to a good environment for the children. He visited the home and found the children to be alert and happy.

Without objection the court took judicial notice of its own files including a home study regarding the parties and the children. That report indicates that the children are both happy and well behaved and that the interactions of the children with father and his present wife seem normal and appropriate. The children did not appear to be fearful or under stress. The report is equally complimentary of both mother and father and his present wife. Father was described to be friendly, outgoing, considerate and understanding. His present wife was described to be responsible, friendly, caring and warm, who acted primarily as wife and homemaker, and who babysits occasionally for members of her family. Mother was described as intelligent, responsible, mature, patient, and serious-minded. The report also observed, "[i]t seems that these children have difficulty in adjusting from one form of child care to another. This tends to be complicated by the fact that they didn't have much contact with their father for a lengthy period of time when they were younger." This evidence supports a finding that the new temporary custody provisions will offer the children an opportunity of sufficient contact with their father to overcome any problems of adjustment.

We find the facts and conclusions of the home study and the recommendation of the guardian ad litem constitutes evidence sufficient to withstand a claim of abuse of discretion in the modification of temporary custody. Further, courts should encourage the continued love, interest and affection of divorced parents for their children, and where both parties are proper parents each has a right to reasonable access to the children. *Geary v. Geary,* 697 S.W.2d 318, 320 (Mo.App.1985).

Mother's second point avers that the court abused its discretion in providing for "paternal grandparent visitation when none was requested at trial or in any pleadings filed by the parties." There was no pleading on behalf of the grandparents for visitation or custody. The modification grants the paternal grandparents visitation on any fifth full weekend of the month from 10:00 a.m. Saturday to 4:00 p.m. Sunday. Under circumstances set forth in § 452.400.3 RSMo 1978, grandparents may obtain an order for visitation. Under that section, grandparents may intervene in any dissolution action on the issue of visitation rights or may file a motion to modify for that purpose. In that event, the court must determine if the visitation by the grandparent would be in the child's best interests. In the present case, there was no pleading and no evidence offered on the issue of best interest. The provision for paternal grandparent visitation was unauthorized and is withdrawn from the order. *Kesler v. Kesler,* 682 S.W.2d 44, 46 (Mo.App.1984).

The modification order required father or father's present wife to pick up or return the children for purposes of temporary custody. Mother claims the provision for father's wife is against the weight of the evidence and not in the best interests of the children. There was evidence that father, by reason of his employment, may not always be available to pick up the children at 6:00 p.m. on a Friday evening. Father testified that he occasionally did not return home from work on Fridays until late in the evening. There was no evidence that the procedure ordered by the court would be adverse to the children's best interests. The guardian ad litem testified without objection that the stepmother is a fine person and that there was no reason why she should not pick the children up except for the fact that the parents have to cooperate. We find no abuse of discretion. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *See also In re Marriage of Hallak,* 559 S.W.2d 612 (Mo.App.1977).

Mother's last point claims the court abused its discretion in ordering her to pay one-half of $603 allowed as a guardian ad litem fee. The court has inherent power to allow compensation to an appointed guardian. The lack of statutory direction precludes taxing the allowance as costs in the case. *In re Ray,* 602 S.W.2d 955, 958 (Mo.App.1980). The amount of fee must be recorded by judgment payable by the party against whom the judgment is entered. *Id.* There is precedent for dividing a guardian ad litem fee between husband and wife. *B.S.H. v. J.J.H.,* 613 S.W.2d 453, 458 (Mo.App.1981). Mother complains, however, that the requirement that she pay one-half of the fee was against the weight of the evidence. The determination of weight of evidence is a function of the trial court not the appellate court. Mother was formally a school teacher, but at the time of the hearing was unemployed except for a temporary job and substitute teaching on assignment. However, during the previous year she earned $15,864. On this evidence, we find the award supported by the evidence.

The judgment is affirmed in all respects except the provision for paternal grandparent visitation which is stricken from the order of modification. Rule 84.14.

SIMON and GARY M. GAERTNER, JJ., concur.